PER CURIAM.
Elwood Duncan Taylor appeals from an order denying his motion for relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
It appears from the record that the defendant was convicted, upon’ a plea of guilty, on'February 19, 19S4. It 'does not appear from the record that he had an attorney at the time. On August 7, 1963, he filed a motion to vacate and set aside the judgment and sentence, and an amendment to this motion was filed by him on September 11, 1963. The court denied this motion on September 11, 1963, and the record shows that it was summarily denied. The defendant filed a petition for re-hearing on September 20, 1963, and as shown by the record this order was denied summarily. Whereupon the defendant then filed a notice of appeal on March 8, 1964. This appeal was dismissed by this court on the ground that the notice of appeal was not timely filed. At no time did the defendant have an attorney, nor was he advised of all of his rights regarding such an attorney.
The question squarely presented to us is whether the trial judge was correct in summarily dismissing the second Rule 1 petition on the ground that a sentencing court is not required to entertain a second petition for similar relief. Ordinarily, a prisoner is not entitled to a hearing on a second Rule 1 petition, but there are some exceptions.
In Archer v. State, Fla.App.1964, 166 So. 2d 163, this court held that denial of a motion for post-conviction relief on the ground that the matter had previously been adjudicated was improper, where the motion, files and records did not conclusively show that the movant was not entitled to relief and denial of an earlier motion for similar relief had been entered without a hearing on ground of insufficiency of the motion and hence was not a determination on the merits. In the Archer case this court reviewed Roy v. Wainwright, Fla.1963, 151 So.2d 825, and also the Supreme Court of the United States case of Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. In reversing the lower court in the Archer case Chief Judge Smith, in the opinion of the court, staid, in part:
“In view of the foregoing principles, we find that the court erred in its denial of the second motion for the reason that 'the motion, files and records, of the case do not conclusively show that the prisoner is not entitled to relief, coupled with the fact that the pri- or denial was entered without a hear *591 ing, was based upon the insufficiency ■of the motion and therefore was not a determination on the merits. * * * ”
Since the Archer decision we also reviewed Mason v. State, Fla.1965, 176 So.2d 76, which gives a succinct and distinct program for determining these cases.
The order denying relief is hereby reversed for further proceedings in accordance with the views expressed in Archer v. .State, supra.
Reversed and remanded.
ANDREWS, Acting C. J., and ALLEN, WILLIAM P. and SHANNON, GEORGE T., Associate Judges, concur.