237 So.2d 129 (1970)
Calloway BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 39512.
Supreme Court of Florida.
June 24, 1970.
Louis R. Bowen, Jr., Public Defender, and W. Ford Duane, Asst. Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
DREW, Justice.
This case comes here by petition for certiorari supported by a certificate of the District Court of Appeal that the decision there passes upon a question of great public interest.[1]
No useful purpose would be served by an extended opinion of this Court. All facets of this troublesome question have been fully explored by the district court in the able majority and dissenting opinions and the copious authorities referred to in both opinions.
We are of the view that the majority opinion  a view supported by the majority of the courts over the country  should be and the same is hereby approved in all respects and adopted as the decision of this Court.
Much of the uncertainty concerning the question of what constitutes a felony under the constitution and laws of the state seems to have arisen out of the opinion of this Court in the case of Adams v. Elliott.[2] Whatever is stated in that case or whatever inferences may be drawn from that case contrary to the conclusions reached in the majority opinion below are hereby receded from and overruled.
It is so ordered.
ROBERTS, THORNAL and CARLTON, JJ., concur.
ERVIN, C.J., concurs in part and dissents in part.
ERVIN, Chief Justice (concurring in part and dissenting in part).
I concur with the majority opinion herein to the extent of agreeing that the crime of breaking and entering with intent to commit a misdemeanor under F.S. Section 810.05, F.S.A., may be a felony dependent upon the penalty actually imposed. I do not believe it is necessary in this case or similar cases where second offender situations are involved to rigidly determine the *130 status of the person charged for a second offense only by the nature of the language of the statute under which the first offense was charged.
It appears to me that when one is charged with a crime which may be punished either as a felony or as a misdemeanor, as e.g., under F.S. Section 810.05, F.S.A., the penalty actually imposed  either imprisonment in the state prison denoting the crime committed constituted a felony; or imprisonment in the county jail, or a fine, denoting the crime to be a misdemeanor  would be conclusive in determining later whether the convicted person could be charged as a second felony offender. If he was imprisoned in the state prison he could be so charged; if not, he could not be. Compare People v. Hamilton, 1948, 33 Cal.2d 45, 198 P.2d 873; People v. Trimble, 1936, 18 Cal. App.2d 350, 63 P.2d 1173. See also 95 A.L.R. 1112.
It seems harsh that one drawing a $50.00 fine under F.S. Section 810.05, F.S.A., would have that count as a first offense felony in a second offender case.
NOTES
[1] Brown v. State, 232 So.2d 55 (4th Dist. Ct.App.Fla. 1970).
[2] 128 Fla. 79, 174 So. 731 (1937).