PER CURIAM.
The appellant was tried before a jury and found guilty of buying, receiving, and concealing stolen property. He was adjudicated guilty and sentenced to five years in the state penitentiary. On this appeal he argues: (1) that the evidence is insufficient to prove that he knew the property was stolen when he purchased it; (2) that the prosecutor created prejudicial error in his argument before the jury; and, (3) that the charge of the court was confusing and misleading.
We have reviewed the record and find that the evidence of appellant’s knowledge of the fact that the articles he purchased were stolen was sufficiently established by the testimony before the jury. See Schuster v. State, Fla.App.1970, 235 So.2d 30; and People v. Schroeder (1968), 264 Cal.App.2d 217, 70 Cal.Rptr. 491.
Appellant’s second point is directed to the language of the prosecutor and does not present reversible error. Collins v. State, Fla.1965, 180 So.2d 340; Whitney v. State, Fla.1961, 132 So.2d 599; Goddard v. State, 143 Fla. 28, 196 So. 596 (1940); and Hamrick v. State, Fla.App.1970, 235 So.2d 360. We have reviewed the charge to the jury and find that it cannot reasonably be said to be confusing. A reviewing *534 court will look to the entire charge rather than to one statement out of context in determining whether a charge to the jury is error. Mathews v. State, Fla.App. 1969, 221 So.2d 431.
Affirmed.