PIERCE, Chief Judge.
Appellant Herman Jenkins, Jr., was convicted in the Criminal Court of Record for Polk County, Florida, of the offense of breaking and entering with intent to commit a misdemeanor, and sentenced to serve five years in the State Prison. His direct appeal to this Court was affirmed on July *887 29, 1970. On September 16, 1970, Jenkins filed a motion to vacate and set aside the judgment and sentence under RCrP 3.850, 33 F.S.A. Said motion was denied, and on appeal to this Court, the order denying the motion was affirmed on March 19, 1971. On November 13, 1971, Jenkins filed another motion in the trial Court to vacate and set aside the judgment and sentence. On November 16, 1971, that motion was summarily denied and Jenkins has again appealed.
The Public Defender, appointed to represent Jenkins upon this appeal, has filed a brief in this Court stating that “Attorney for appellant has carefully examined the record on appeal and can find nothing which could arguably support an appeal.” For such reason the Public Defender “requests to be relieved as Attorney of record and would cite as authority the case of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493.”
On March 23, 1972, this Court caused a copy of said brief to be served upon appellant Jenkins, and entered an order allowing appellant thirty days within which to file an additional brief, if he so desired, calling this Court’s attention to any matters that he feels should be considered in connection with the appeal in this cause. He was later granted additional time within which to file his brief.
Pursuant thereto, on May 2, 1972, appellant filed a brief and on May 19, 1972, he filed a brief in reply to a brief filed by the Attorney General on behalf of the State on May 10, 1972.
In his motion filed in the lower Court Jenkins asked that his judgment and sentence be set aside because the evidence, which was based on circumstantial testimony, was insufficient to convict him.
This contention was passed upon by this Court in his direct appeal, reported in 237 So.2d 842. The motion to vacate and set aside the judgment and sentence was properly denied when the matters raised were or could have been raised on direct appeal, Culberson v. State, Fla.App.1969, 224 So.2d 363; Peterson v. State, Fla. App.1970, 237 So.2d 223; Roberts v. State, Fla.App.1970, 242 So.2d 191.
Jenkins next contended in his motion to vacate that breaking and entering with intent to commit a misdemeanor is a misdemeanor and not a felony, and therefore he was illegally convicted of a felony. He relied upon Brown v. State, Fla.App. 1970,232 So.2d 55.
Upon rehearing in Brown v. State, Fla. 1970, 237 So.2d 129, however, the Fourth District Court concluded that breaking and entering with intent to commit a misdemeanor under F.S. § 810.05 F.S.A. is a felony, and this decision was affirmed by the Supreme Court in 237 So.2d 129. This contention, therefore, is without merit, as evidently conceded by Jenkins in his brief.
In his reply brief Jenkins attempts to raise another point which was not raised in his motion to vacate, i. e., that he was deprived of his constitutional right to effective assistance of counsel on his direct appeal. This point, too, was passed on previously in our ruling on his first motion to vacate, reported in Jenkins v. State, Fla.App., 247 So.2d 487.
All other contentions Jenkins attempts to raise in his briefs have been previously adjudicated adversely by this Court, or should have been, but were not, raised on direct appeal.
For the aforesaid reasons, the order appealed is—
Affirmed.
HOBSON and MANN, JJ., concur.