273 So.2d 401 (1973)
Gerald David YANKS, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-1356.
District Court of Appeal of Florida, Third District.
February 27, 1973.
*402 Milton E. Grusmark, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
The appellant appeals the denial of his motion to vacate his conviction on the charges of buying, receiving and concealing stolen goods, known by him to be stolen. Appellant's motion to vacate filed pursuant to CrPR 3.850, 33 F.S.A., was based, in part, upon the fact that the jury that found him guilty was of a venire that was found to be improperly constituted by the Supreme Court of Florida in the case of State v. Silva, Fla. 1972, 259 So.2d 153. Appellant's motion sought to take advantage of the decision reached in Silva, supra, by means of a collateral attack on his conviction.
We have reviewed the record very carefully and have concluded that we need not reach the merits of appellant's contention. The record reflects that prior to appellant's trial his attorney vigorously attacked the jury array and the method of jury selection in Dade County, Florida, as not strictly comporting with the provisions of § 40.01 (3), Fla. Stat., F.S.A.[1] Appellant's contentions were rejected by the trial court and appellant was subsequently convicted of the offense charged. Appellant appealed from that conviction but did not assign as error or argue the challenge to the manner of selection of the jury. This court subsequently affirmed the conviction of appellant and certiorari was denied by our Supreme Court. See Yanks v. State, Fla.App. 1972, 261 So.2d 533, cert. denied, Fla. 1972, 266 So.2d 673.
Appellant now seeks by means of CrPR 3.850 and appeal from a denial thereof to have this court review a point that was before the trial court and could have been raised in appellant's direct appeal. It has long been recognized that a motion to vacate is not a substitute for a direct appeal and that an appellate court will not consider matters raised by such a motion when those issues could have or should have been raised by means of direct appeal. See Jenkins v. State, Fla.App. 1972, 267 So.2d 886; Peterson v. State, Fla.App. 1970, 237 So.2d 223; Lee v. State, Fla.App. 1965, 173 So.2d 520.
Therefore, for the reasons stated, the order denying appellant's motion to vacate is hereby affirmed.
Affirmed.
NOTES
[1] Fla. Stat., § 40.01(3), F.S.A., provides:

"(3) In the selection of jury lists only such persons as the selecting officers know, or have reasons to believe, are law abiding citizens of approved integrity, good character, sound judgment and intelligence, and who are not physically or mentally infirm, shall be selected for jury duty."