PER CURIAM.
The appellant, William Bittner, and a co-defendant, were charged by information with two counts of robbery. The trial court denied Bittner’s motions to suppress the evidence seized by the police and to suppress the pretrial show-up identification. Bittner changed his plea to nolo con-tendere, reserving the right to appeal the denial of his motions to suppress. He was convicted and sentenced to five years in the State penitentiary.
The facts briefly stated are that, while driving home from a late dinner, Tony No-gueras and Marie Sanchez picked up two hitchhikers, Bittner and the co-defendant, Reed. When Tony stopped the car to let them out, Bittner grabbed Tony around the throat from behind and told him to empty his pockets. Tony and Marie were forced' to give the two men some cash, a gold-plated silver dollar, a silver necklace with a charm on it and a 1958 quarter with a hole in it. The robbery took place in a black neighborhood. Police arrived at the scene and were told by a bystander that two white males entered a nearby building which was a live-in drug rehabilitation center. The police went to the building without an arrest or search warrant, stated their purpose, were admitted by a resident and were advised by either the house manager or a resident that there were two white men in residence who fit the description given by the police. The officers were directed to the living area, consisting of small cubicles. Bittner’s cubicle had no door, but there was testimony that a sheet partially covered the entrance to it and that some of the stolen items described by the victims were in plain view on top of Bittner’s dresser. The officers went into the cubicle, got Bittner out of bed and placed him under arrest. He was then driven in a police car to the home of one of the victims where Tony and Marie viewed and identified him.
Bittner filed a motion to suppress the evidence seized from the dresser in his cubicle, and a motion to suppress the show-up 'identification in the police car at the victim’s residence. Both motions were denied and this appeal ensued.
The general rule, as set out in Benefield v. State, Fla.1964, 610 So.2d 706, 708, is that in order for evidence seized *857 without a search warrant to be admissible at trial, it must be the product of a search incident to a lawful arrest. The lawfulness of an arrest without warrant, in turn, must be based upon probable cause, which exists where the facts and circumstances within the officer’s knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; Benefield v. State, supra. In the instant case, the officers had probable cause for arrest based on the report of the robbery, the description of the robbers and the information concerning two white males fitting the description of the robbers in this building in a black neighborhood. The evidence showed that the police announced their purpose and were voluntarily admitted into the building. Accordingly, we find that the officers were justified in arresting Bittner without a warrant, pursuant to § 901.15, Fla.Stat., and that the circumstances of their entry complied with the requirements of Bene-field v. State, supra.
The test for identification stemming from pretrial confrontation is set out in Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411, as follows :
“. . . Whether under the ‘totality of the circumstances’ the identification was reliable even though the confrontation procedure was suggestive.
(T)he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness’ degree of attention, the accuracy of the witness’ prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.”
Based on the totality of the circumstances of the show-up identification in this case, we find that the trial court’s denial of the motion to suppress the identification is amply supported by evidence in the record. See this court’s recent decision in Glas v. State and Diaz v. State, 329 So.2d 341 (1976).
Affirmed.