ANSTEAD, Judge.
By way of a petition for writ of habeas corpus the appellant, Donald Lee Pitts, is seeking delayed appellate review of the trial court’s ruling on a motion for post-conviction relief.
Pitts filed a motion for post-conviction relief on May 31, 1977 alleging that during his trial in 1975 the prosecutor elicited an impermissible comment upon his Fifth Amendment right to remain silent. The comment as alleged is:
Q. This fellow didn’t give you any confession or anything like that after you advised him of his rights did he?
A. No sir, he did not.
*135 Appellant’s motion was denied by the trial court in an order of June 1, 1977 which stated:
The Defendant having on May 31, 1977 filed a Motion for Relief under RCrP 3.850, and the Court having carefully examined the file finds that the Defendant previously filed three similar Motions for the same relief, one or more of which has been denied by this Court on its merits, and the Court further finding that under the rule, it is not required to entertain and determine a second or successive Motion, it is upon consideration thereof, ORDERED AND ADJUDGED that the Court refuses to entertain the Defendant’s Motion.
Subsequently when the appellant filed a notice of appeal the trial court directed a letter to the court clerk as follows:
You have handed to me the Notice of Appeal, Directions to the Clerk, Assignments of Error and Affidavit of Insolvency signed by Donald Lee Pitts. I am not aware as to what disposition I am to make of these items so I re-enclosed them to you for whatever disposition you see fit to make. This Court will enter no orders in this proceeding in as much as I do not believe there is any authority for any further proceedings in this case either lower court or appellate.
The clerk informed the court in writing that no action would be taken pursuant to the court’s instructions and no notice of appeal was lodged in this court. The appellant ultimately filed the pending petition for writ of habeas corpus.
It is true that a hearing need not be granted on a motion for post-conviction relief which states the same grounds as a previous motion already decided by the court. However, the proper procedure in such a case is to deny the motion. The petitioner is entitled to have the motion determined and to appellate review of the determination. Neither were granted in this case. However, since it is clear that the trial court intended to deny the motion, we will treat the order as a denial and grant delayed appellate review.
The appellant alleged in his motion that he had never previously raised the issue of the alleged impermissible comment. In a recent decision the Florida Supreme Court has held that such error is waived if not properly preserved. State v. Bostic, 363 So.2d 331, Fla. Supreme Court Case (1978). Preservation of the error, in our opinion, would include raising the issue on appeal. The error cannot be raised for the first time in a motion for post-conviction relief.
Accordingly, the order of the trial court denying the motion for post-conviction relief is hereby affirmed.
DOWNEY, C. J., and DAUKSCH, J., concur.