ANSTEAD, Judge.
This is an appeal by the state from a post-conviction order reducing the appel-lee’s life sentence to time served plus three years probation. We reverse.
Calvin Jackson was convicted of rape and sentenced to life imprisonment in 1975. Thereafter, he filed an appeal, alleging among other points that the trial court had erred in allowing a police officer “to testify as to the contents of a B.O.L.O., to the effect that a black male in green pants was dragging a white female into the bushes.” [1] Subsequently, in a notice signed by Jackson himself, the appeal was voluntarily dismissed. In 1976 Jackson filed a motion to mitigate his sentence pursuant to the provisions of Florida Rule of Criminal Procedure 3.800(b) wherein he alleged that “he has seen the error of his ways, [and] is repentant and remorseful concerning the offense of which he was previously convicted.” This motion was denied by the trial court. Finally, on June 20, 1980, Jackson filed the Motion to Vacate and Mitigate Sentence upon which the court acted in entering the order now being reviewed.[2] This motion alleged in essence the same ground for relief asserted in the earlier appeal that had been voluntarily dismissed. On January 9, the same judge who had earlier presided over Jackson’s trial and sentencing, and had denied the motion to mitigate, granted the motion and entered an order modifying Jackson’s sentence. This appeal followed.
Initially, the appellee claims that this court lacks jurisdiction to review the trial court’s order granting his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Rule 3.850 itself provides for an appeal from any order entered pursuant to its authority “as from a final judgment on application for writ of habeas corpus.” In addition, Florida Rule of Appellate Procedure 9.140(c)(1)(F) authorizes appeals by the state from orders granting petitions for writ of habeas corpus and Rule 9.140(c)(l)(I) authorizes appeals from an alleged illegal sentence. All of these provisions would appear to apply here. In addition, the case law is clear that both sides have the right to appeal an order entered pursuant to a motion for post-conviction relief. Tolar v. State, 196 So.2d 1 (Fla. 4th DCA 1967); State v. Matera, 378 So.2d 1283 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 639 (Fla.1980). We believe we do have jurisdiction to consider the state’s appeal. We turn now to the merits.
No testimony was taken at the hearing. Rather, both parties apparently relied on the trial judge’s recollection of the trial. As noted, this case was handled by the same trial judge throughout all the proceedings pertinent to the issues involved in this appeal. However, at the hearing counsel for appellee specifically advised the trial court that the basis of the pending motion was the same as that previously asserted on appeal:
The error which is the merit of my motion was, in fact, raised in the assignment of error, to-wit: Number 4, that the trial court erred in permitting, over objection, a policeman to testify as to the contents of a BOLO, to the effect that a black male in green pants was dragging a white female into the bushes.
On appeal the only argument made in ap-pellee’s brief on the merits is that the “granting of a Motion to Vacate and Mitigate Sentence pursuant to Rule 3.850 is within the sound discretion of this trial court.” No other contentions on the merits in support of the trial court’s action are advanced by the appellee. While we agree with appellee’s contention that the trial court has some discretion in considering a motion for post-conviction relief, we con- *283 elude that the trial court erred in this instance.[3]
First, motions for post-conviction relief are not to be utilized as substitutes for appeal. Issues that could and should have been raised on appeal cannot be raised in a motion for post-conviction relief. Foster v. State, 400 So.2d 1 (Fla.1981). In this case, both the record and the statement of appellee’s counsel at the hearing in the trial court confirm that alleged error asserted in the motion for post-conviction relief could have been and was raised on appeal. However, appellee himself voluntarily dismissed his appeal, thereby waiving the errors asserted therein. He cannot now raise those same issues in a post-conviction motion filed in the trial court. Foster v. State.
In addition, even if we assume he was entitled to raise the issue, we believe the appellee failed to demonstrate prejudicial error in the trial court.[4] At the hearing the appellee claimed that the action of the trial judge in allowing a witness to testify that the alleged assailant was black and the victim was white improperly injected the issue of race into the trial and thereby violated the appellee’s right to equal protection of the law under the Fourteenth Amendment to the United States Constitution. We agree with appellee that it would be improper for the state to rely on racial bias or prejudice in prosecuting any defendant, but we do not agree that there has been any demonstration that such was done in this case. In other words, we do not believe there is anything inherently improper or prejudicial in the description of a suspect as a black male and a victim as a white female. This was all that appellee relied on in the trial court.[5] For cases involving this issue see Gluck v. State, 62 So.2d 71 (Fla.1951); Bittner v. State, 330 So.2d 855 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1079 (Fla.1976); Kaymore v. State, 260 So.2d 851 (Fla. 1st DCA 1972).
For the reasons set out above we reverse the order of the trial court.
DOWNEY and DELL, JJ., concur.

. B.O.L.O. are the initials for a police broadcast to officers to be on the lookout for someone or something of a certain description.

. He amended this motion on January 9, 1981, at the hearing on the previously filed motion, apparently in an effort to meet some of the objections raised in a motion to dismiss filed by the state.

.We also agree with the state that the trial court’s order was not authorized by Florida Rule of Criminal Procedure 3.800 which provides:
Rule 3.800. Correction: Reduction and Modification of Sentences
(a) A court may at any time correct an illegal sentence imposed by it.
(b) A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within sixty days after such imposition, or within sixty days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.
There is no claim here that appellee’s sentence was illegal and Rule 3.800(b)’s time limits are jurisdictional. See De La Paz v. State, 358 So.2d 1093 (Fla. 3d DCA 1978), cert. denied, 359 So.2d 1220 (Fla.1978).

. There is also a substantial question as to whether a trial court has the authority to modify a sentence under Rule 3.850, when a defendant is claiming that his conviction was tainted by the trial court’s error in admitting evidence.

. There is also some suggestion in the transcript of the hearing that the trial court was acting because of his concerns for other actions of the state not raised in the motion for post-conviction relief. During the hearing appellee contended that at one point in time he was denied consideration for parole because the state had filed a detainer in his file suggesting that he had committed another crime. In fact this other crime involved another person who had the same name as appellee. This error had apparently been resolved by the time of the hearing. In any case, this was not the error relied upon by appellee in his motion and such error would not constitute a legal basis for the order entered by the trial court.