437 So.2d 1388 (1983)
James Curtis McCRAE, Appellant,
v.
STATE of Florida, Appellee.
No. 63797.
Supreme Court of Florida.
September 15, 1983.
*1389 Robert H. Dillinger of Akerson, Swisher, Dillinger & Brett, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This cause is before the Court on appeal from an order denying James McCrae's motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant is a state prisoner under sentence of death. On June 13, 1983, we issued an order staying execution of sentence.
Appellant was convicted of first-degree murder and sentenced to death. He appealed, and during the pendency of his appeal this Court relinquished jurisdiction to allow him to file a motion to vacate judgment and sentence in the trial court under Rule 3.850. The trial court denied relief. Appellate jurisdiction of the judgment and sentence then resumed in this Court and McCrae also invoked appellate review of the denial of post-conviction relief. We considered both appeals and issued an opinion affirming both the initial judgment and sentence and the order denying the motion to vacate. McCrae v. State, 395 So.2d 1145 (Fla. 1980), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981). McCrae later filed a petition for habeas corpus with this Court and we denied relief. McCrae v. Wainwright, 422 So.2d 824 (Fla. 1982).
The motion to vacate or set aside judgment and sentence before us now on appeal raised numerous grounds. The court in which appellant was convicted and sentenced denied the motion in a brief order stating as grounds that "a prior motion pursuant to this Rule was argued and denied by the sentencing court" and that the court was "not required to entertain a successive motion for similar relief on behalf of the same prisoner." It is unclear to us whether the basis of the court's summary denial was that the issues raised in appellant's motion had been adjudicated adversely to him in the previous post-conviction proceeding or simply that he had previously filed an unsuccessful motion for post-conviction relief.
Florida Rule of Criminal Procedure 3.850 provides that a prisoner under sentence of a Florida court who claims that his conviction or sentence was unconstitutionally imposed, or was imposed by a court without jurisdiction, or that the sentence exceeds legal limits, or that his plea was involuntary, or that "the judgment or sentence is otherwise subject to collateral attack," may file a motion in the court in which the judgment was entered or the sentence was imposed, seeking "to vacate, set aside or correct the judgment or sentence." The second paragraph of Rule 3.850 begins by providing: "A motion *1390 for such relief may be made at any time." A subsequent paragraph of the Rule provides in part: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."
The provision stating that successive motions for "similar relief" need not be entertained seems to suggest that after a first Rule 3.850 motion has been denied, subsequent motions to vacate may be summarily dismissed. This inference, however, has been rejected by judicial interpretation based upon the intended purposes and scope of the post-conviction remedy under Rule 3.850.
The purpose of the Rule 3.850 motion is to provide a means of inquiry into the alleged constitutional infirmity of a judgment or sentence, not to review ordinary trial errors cognizable by means of a direct appeal. Ratliff v. State, 256 So.2d 262 (Fla. 1st DCA 1972). The motion procedure is neither a second appeal nor a substitute for appeal. Matters which were raised on appeal and decided adversely to the movant are not cognizable by motion under Rule 3.850. E.g., Christopher v. State, 416 So.2d 450 (Fla. 1982); Dismuke v. State, 388 So.2d 1324 (Fla. 5th DCA 1980); Faulkner v. State, 226 So.2d 441 (Fla. 2d DCA 1969). Furthermore, any matters which could have been presented on appeal are similarly held to be foreclosed from consideration by motion under the Rule. E.g., Demps v. State, 416 So.2d 808 (Fla. 1982); State v. Jackson, 414 So.2d 281 (Fla. 4th DCA 1982); Battle v. State, 388 So.2d 1323 (Fla. 5th DCA 1980); Tyner v. State, 363 So.2d 1165 (Fla. 1st DCA 1978); Koedatich v. State, 287 So.2d 738 (Fla. 3d DCA 1974); Yanks v. State, 273 So.2d 401 (Fla. 3d DCA 1973), cert. denied, 277 So.2d 288 (Fla. 1973); McGriff v. State, 259 So.2d 508 (Fla. 3d DCA 1972), cert. denied, 263 So.2d 829 (Fla. 1972); Austin v. State, 160 So.2d 730 (Fla. 2d DCA 1964). Therefore, a Rule 3.850 motion based upon grounds which either were or could have been raised as issues on appeal may be summarily denied. E.g., Foster v. State, 400 So.2d 1 (Fla. 1981); Edwards v. State, 364 So.2d 119 (Fla. 1st DCA 1978); Jenkins v. State, 267 So.2d 886 (Fla. 2d DCA 1972).
In addition to issues that were raised on appeal and those which could have been raised, which are not proper grounds, a motion under the Rule may also be summarily denied when it is based on grounds that have been raised in prior post-conviction motions under the Rule and have been decided adversely to the movant on their merits. Pitts v. Turner, 362 So.2d 134 (Fla. 4th DCA 1978); Neal v. State, 349 So.2d 844 (Fla. 2d DCA 1977); Mitchell v. State, 203 So.2d 676 (Fla. 1st DCA 1967), cert. denied, 210 So.2d 224 (Fla.), cert. denied, 392 U.S. 913, 88 S.Ct. 2073, 20 L.Ed.2d 1371 (1968); Coleman v. State, 183 So.2d 714 (Fla. 1st DCA 1966). A "second or successive motion for similar relief," as used in Rule 3.850 has thus been interpreted to mean a motion stating substantially the same grounds as a previous motion attacking the same conviction or sentence under the Rule. Furthermore, this restriction against successive motions on the same grounds is applied only when the grounds raised were previously adjudicated on their merits, and not where the previous motion was summarily denied or dismissed for legal insufficiency. See, e.g., Flores v. Wainwright, 240 So.2d 816 (Fla. 2d DCA 1970); Reynolds v. State, 224 So.2d 769 (Fla. 2d DCA 1969), cert. discharged, 238 So.2d 598 (Fla. 1970); Taylor v. State, 181 So.2d 589 (Fla. 4th DCA 1965).
On the other hand, a second or successive motion by the same prisoner attacking the same judgment or sentence but stating substantially different legal grounds is permitted under the Rule and should not be summarily dismissed solely on the basis that the prisoner has previously filed another Rule 3.850 motion. See Palmer v. State, 273 So.2d 135 (Fla. 3d DCA 1973); Roberts v. State, 250 So.2d 918 (Fla. 2d DCA 1971); Piehl v. State, 173 So.2d 723 (Fla. 1st DCA 1965), quashed on other grounds, 184 So.2d 417 (Fla. 1966); Archer v. State, 166 So.2d 163 (Fla. 2d DCA 1964).
As the foregoing discussion demonstrates, if the summary denial in the instant *1391 case was based upon a determination that the issues raised by the motion either were or could have been presented by direct appeal, or that they were argued in the previous Rule 3.850 proceeding and decided on their merits, then the order denying relief was proper. If, on the other hand, the denial of the motion was based on the supposition that the mere filing of a previous motion for post-conviction relief precluded any consideration of a second or successive motion, then the court's order was error. Since the precise basis of the order denying the motion is not clear to us, it is necessary to remand the case to the circuit court for a clarifying statement.
This cause is remanded to the lower court for a more definite statement of the reasons for its order or for further proceedings consistent with this opinion.
It is so ordered.
BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
ALDERMAN, C.J., concurs in result only with an opinion.
ADKINS and EHRLICH, JJ., dissent.
ALDERMAN, Chief Justice, concurring in result only.
Florida Rule of Criminal Procedure 3.850 provides in part:
A prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released upon the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to enter such judgment or to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that his plea was given involuntarily, or the judgment or sentence is otherwise subject to collateral attack, may move the court which entered the judgment or imposed the sentence to vacate, set aside or correct the judgment or sentence.
A motion for such relief may be made at any time.
... .
The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
A defendant may not use this vehicle to seek review of matters which were or could have been raised on direct appeal. He may not raise anew in successive motions for 3.850 relief matters which have been raised and resolved against him on the merits in prior postconviction proceedings. He may, however, file successive motions raising substantially different legal grounds; and according to rule 3.850, he may file for such relief at any time.
Because of the present status of the rule and the decisional authority construing the rule, I concur in the result of the majority opinion.
I believe, however, that we should impose a time limitation for filing 3.850 motions and should narrow the scope of grounds which may be alleged in successive petitions for relief. In order to give due weight to the finality and the presumption of legality of a final judgment and to restore the public's confidence in our criminal system of justice, we should amend rule 3.850 by adding a one-year statute of limitations on the filing of these motions. In my view, one year from the time the judgment becomes final, that is after the appellate process is concluded, is a sufficient and reasonable limitation period to place on the filing of these motions. This would include certiorari review to the United States Supreme Court if it is sought. There is no reason why a defendant, through the exercise of due diligence, cannot determine his basis for collateral attack during that period of time.
Moreover, I do not believe that successive motions to vacate should be allowed where the grounds alleged in the successive petition were known or could have been known to the defendant at the time he filed his initial motion for relief. A defendant should not be allowed to file one 3.850 motion *1392 after another to prolong his inevitable execution, each time reserving one or more grounds for relief that could have been alleged in his initial motion. The movant should be required to plead in his motion that he did not know and could not have known the grounds for his present motion for relief.
In the four-year cycle of reviewing court rules, the Florida Criminal Procedure Rules Committee is now in the process of considering recommendations for rule changes. I request the committee to consider these matters relating to rule 3.850 motions.
If the issues raised by McCrae in his present motion to vacate either were or could have been raised on direct appeal, or were raised, or could have been raised in his previous rule 3.850 motion, then the trial court properly denied his motion for relief. I would remand to the trial court to clarify the basis for his denial of this successive motion. I would give McCrae the opportunity to plead, if he can, that he was not nor could not have been aware of the present grounds for relief at the time he filed his initial petition for 3.850 relief.