FARMER, J.,
concurring specially.
In Banks the supreme court was asked by certified question to resolve the conflict described above. In an unusual attempt at judicial parsimony, the court refused to *1182 consider the timeliness conflict that had been certified and instead proceeded to decide the merits of the claim presented in Banks without regard to whether it was timely. In sum, the court held that a Heggs claim lacks merit when the negotiated sentence imposed is within the range of the 1994 guidelines, even though barely under the maximum, and the plea agreement for a specific sentence is phrased as a precise number of years (or months), rather than as a sentence “at the lower end” of the guidelines.
Because of the State’s strong and compelling interest in the finality of criminal convictions,[1] there is a time limit for seeking relief from convictions that have become final.[2] The whole purpose of prescribing such a time deadline is to avoid having to consider the merits of post conviction claims after a specified period of time. In its intended effect, it is not unlike the rule of driving on the right side of the road: the line must be drawn somewhere and once established should not be blurred by interpretation. Yet in Banks the supreme court brushed aside the significance of the timeliness requirement and proceeded to do some blurring of its requirements. The implications of Banks on the usual considerations of finality are staggering.
Turning to this case, it came originally to us after being summarily dismissed by the trial court on timeliness grounds. Our opinion was primarily directed to the timeliness issue. We noted that, from a pleading standpoint, defendant’s Heggs claim was not facially insufficient. To be sure, his pleading does raise an essential question. At one point he alleged that the agreed sentence was “at the lower end of the guidelines.” In another place, he seems to suggest that the negotiated sentence was for 8 years. If the former, his agreement would be different than Banks. If the latter represents the actual agreement, his plea bargain is identical to Banks and would be facially insufficient for Heggs relief. In any event, without further documentation or an evidentiary hearing to resolve the issue of the true agreement, we are no closer to being able to decide the merits than we were before Banks.
I therefore see no reason to alter our reversal of the trial court’s summary dismissal under rule 3.850 and concur in the remand for the attachment of record excerpts conclusively disproving his claim or for an evidentiary hearing.

. See Johnson v. State, 904 So.2d 400 (Fla. 2005) ("The importance of finality in any justice system, including the criminal justice system, cannot be understated.... Moreover, an absence of finality casts a cloud of tentativeness over the criminal justice system, benefiting neither the person convicted nor society as a whole.”); Witt v. State, 387 So.2d 922, 925 (Fla.1980) (holding that to allow every change or refinement in the law to override the State’s interest in finality "would ... destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state ... beyond any tolerable limit.”).

. See McCrae v. State, 437 So.2d 1388, 1391 (Fla. 1983) (Alderman, C.J., concurring, and proposing 1-year limit on filing claims for post conviction relief ”[i]n order to give due weight to the finality and the presumption of legality of a final judgment and to restore the public’s confidence in our criminal system of justice”); Fla. R.Crim. P. 3.850(b).