974 So.2d 523 (2008)
Steven L. BURNS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2896.
District Court of Appeal of Florida, Fourth District.
February 6, 2008.
Steven L. Burns, Madison, pro se.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from the denial of a motion for rehearing on the defendant's motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, Defendant filed an initial motion raising two grounds of ineffective assistance of counsel, followed soon thereafter by a motion for leave to file an addendum to the initial motion raising a third claim of ineffective assistance of counsel. The grounds of the initial motion were denied on the merits, and the third ground, raised in the addendum, was denied as facially insufficient for lacking an oath pursuant to rule 3.850(c).
The defendant sought rehearing, arguing that his addendum should have been *524 denied without prejudice to file a facially sufficient addendum, as his initial motion had not yet been ruled upon, and the addendum was timely filed within the two-year time limit provided in rule 3.850, The court again denied the grounds raised in his initial motion, but did not address the addendum.
A movant whose postconviction claim has been denied as facially insufficient is allowed an opportunity to remedy such through a facially sufficient motion without being deemed successive if it is done within the two-year limit provided in rule 3.850. See Spera v. State, 971 So.2d 754, 758-59 (Fla.2007) (citing McCrae v. State, 437 So.2d 1388, 1390 (Fla.1983)). The defendant argued in his motion for rehearing that his addendum should have been denied without prejudice to refile a facially sufficient amendment. The court did not address the issue of sufficiency in its order denying rehearing and erred in failing to initially deny the addendum without prejudice to file a facially sufficient amendment. As such, as to the addendum, the denial is reversed and remanded to permit the defendant to file a facially sufficient motion within thirty days from the rendition of this opinion. The portion of the order denying the two grounds raised in the initial motion is affirmed.
SHAHOOD, C.J., WARNER and DAMOORGIAN, JJ., concur.