[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10875
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00919-CV-T-23MSS

EDDIE G. CARGILE,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 21, 2009)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Eddie G. Cargile, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief challenging his life sentences following a jury conviction for sexual battery of a child under the age of 12 and lewd and lascivious acts in the presence of a child. In his petition, Cargile claimed, *inter alia*, that Florida violated his due process rights because he was tried and convicted in Hillsborough County, Florida, an allegedly improper venue, for conduct that allegedly occurred in Polk County, Florida. The district court found that Cargile failed to exhaust his remedies in state court by not raising the improper venue issue on direct appeal and was consequently procedurally barred from raising the issue in federal court.

We granted a certificate of appealability on the following issue only: Whether the district court erred by finding that Cargile's challenge to the trial court's venue was not exhausted, where it was raised in a state petition for a writ of habeas corpus. Cargile argues that the district court erred in determining that his venue claim was not exhausted because, even though he did not raise the issue on direct appeal or in a post-conviction motion, he raised the issue in his state habeas corpus petitions.

## I. BACKGROUND

The record shows that Cargile did not challenge venue in Hillsborough

2

County at any time before trial or during trial. *See* R. Ex. 23. After being convicted and sentenced, Cargile filed a direct appeal to Florida's Second District Court of Appeal pursuant to Florida Rule of Appellate Procedure 9.140. However, Cargile did not raise a venue challenge in his direct appeal. The Second District Court of Appeal affirmed his conviction without opinion. Cargile then filed a *pro se* Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief ("Rule 3.850 motion") that raised four issues, none of which included a venue challenge. Cargile does not dispute that he failed to challenge venue on direct appeal or in his Rule 3.850 motion.

Next, Cargile filed a petition for habeas corpus in the Florida Supreme Court where he raised his venue issue for the first time. The Florida Supreme Court determined that relief was unauthorized and dismissed the petition. Cargile filed a second writ of habeas corpus in Florida's Second District Court of Appeal alleging that the State failed to establish proper venue in Hillsborough County. The court dismissed Cargile's petition, stating that "a petition for writ of habeas corpus is no longer available to collaterally attack a conviction." *Cargile v. State*, 902 So. 2d 142, 142 (Fla. 2d DCA 2005) (citing *State v. Broom*, 523 So. 2d. 639, 641 (Fla. 2d DCA 1988)).

After both of Cargile's state habeas corpus petitions were dismissed, Cargile

filed a habeas corpus petition in the United States District Court for the Middle District of Florida alleging, *inter alia*, that he was tried and convicted in an improper venue. The district court denied Cargile's petition, holding that his venue claim was procedurally defaulted because Cargile failed to exhaust his state court remedies. *Cargile v. Sec'y, Dep't of Corrs.*, M.D. Fla. 2009, ___ F. Supp. 2d ___, *2 (No. 8:05-cv-919-T-23MSS, Jan. 30, 2009). The district court further found that Cargile neither alleged cause and prejudice for the procedural default, nor did he show a manifest injustice. *Id.* at *2–3. We agree with the district court and affirm the denial of Cargile's petition for habeas corpus relief.

## II. STANDARD OF REVIEW

Whether a 28 U.S.C. § 2254 petitioner for habeas corpus relief is procedurally barred from raising a particular claim is a mixed question of law and fact that we review *de novo*. *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) (per curiam) (citing *Agan v. Vaughn*, 119 F.3d 1538, 1541 (11th Cir. 1997)).

## III. DISCUSSION

Generally, a habeas corpus petitioner cannot raise a claim in federal court if he did not first exhaust the claim in state court. 28 U.S.C. § 2254(b)(1)(A); *Kelley v. Sec'y for the Dep't of Corrs.*, 377 F.3d 1317, 1343 (11th Cir. 2004). A federal claim is exhausted only if fairly presented to the state courts. *McNair v. Campbell*,

4

416 F.3d 1291, 1302 (11th Cir. 2005) (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971)). A petitioner has not fairly presented his claim to the state court if such claim is presented for the first and only time in a procedural context where the merits are not considered. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989).

In Florida, certain claims are barred from being raised outside a direct appeal, and venue is one of those claims. *See Lambrix v State*, 559 So. 2d 1137, 1138 (Fla. 1990) (per curiam) (stating that a claim of error "based on information which was contained in the original record of the case . . . must be raised on direct appeal."). Cargile had the opportunity to raise his venue challenge on direct appeal and failed to do so. Because Cargile failed to challenge venue on direct appeal, he was barred from raising it in both a Rule 3.850 motion and in a state habeas corpus petition.

Cargile was barred from raising his venue claim in a Rule 3.850 motion for post-conviction relief because the Florida Supreme Court explained in *Baker v. State*:

> The purpose of the Rule 3.850 motion is . . . not to review ordinary trial errors cognizable by means of a direct appeal. The motion procedure is neither a second appeal nor a substitute for appeal. . . . [A]ny matters which could have been presented on appeal are similarly held to be foreclosed from consideration by motion under the Rule. Therefore, a Rule

5

3.850 motion based upon grounds which either were or could have been raised as issues on appeal may be summarily denied.

878 So. 2d 1236, 1242 (Fla. 2004) (per curiam) (quoting *McCrae v. State*, 437 So. 2d 1388, 1390 (Fla. 1983) (per curiam)). Thus, because Cargile did not raise his venue challenge on direct appeal, he was barred from raising the same issue in a Rule 3.850 motion. Likewise, in terms of a state habeas corpus petition, the Florida Supreme Court has explained that it will deny any petition as "unauthorized" if a petitioner raises claims that "could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence . . . ." *Id.* at 1245–46. Taken together, these rules require that any claim that could have been raised on direct appeal must have been raised at that time in order to avoid a procedural default in a federal habeas corpus petition.

Cargile's petitions for habeas corpus in state court did not exhaust his state court remedies because the venue claims were not properly raised on direct appeal. Cargile could have raised his venue challenge in a pre-trial motion, during trial, or on direct appeal. Cargile did nothing in the trial court to alert the judge or the State that he had any issue regarding venue. Cargile attempted to raise his venue claim for the first time in a manner not permitted by the Florida courts, namely, in a state habeas corpus petition. Thus, the district court correctly found Cargile did not present his venue claim in the procedurally correct manner in state court, on direct

6

appeal.  *See Baker*, 878 So. 2d at 1246.  The district court did not err in denying his habeas petition as procedurally defaulted under 28 U.S.C. § 2254(b)(1)(A) because Cargile did not first exhaust his claim in state court, and "it is apparent that the Florida courts would now refuse to hear this claim . . . ." *Smith v. Sec'y, Dep't of Corrs.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998)).  Additionally, because Cargile did not allege cause and prejudice for this default, and he did not show manifest injustice by way of actual innocence, the district court was correct in denying Cargile's petition for habeas corpus relief.  Therefore, we affirm the district court's denial of Cargile's 28 U.S.C. § 2254 petition for habeas corpus relief.

**AFFIRMED.**