DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ABDUR-RASHID ISLAAM,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-0419

_____

June 14, 2024

Appeal from the Circuit Court for Pasco County; Kimberly Campbell,
Judge.

J. Jervis Wise of Brunvand Wise, P.A., Clearwater, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Lydon Schultz,
Assistant Attorney General, Tampa; and Laura Dempsey, Assistant
Attorney General, Tampa (substituted as counsel of record), for Appellee.

LABRIT, Judge.

Abdur-Rashid Islaam appeals an order modifying his judgment and
sentence to add a $500,000 fine. Nearly a year after Mr. Islaam's original
sentence was imposed, the State moved to modify it on the ground that
the relevant criminal statute, section 893.20(2), Florida Statutes (2020),
mandated imposition of the $500,000 fine. The trial court agreed and
amended Mr. Islaam's sentence accordingly. Because the trial court
could not have modified the sentence as it did unless the sentence was

"illegal"—and because omission of the fine did not result in an "illegal sentence" under Florida Rule of Criminal Procedure 3.800(a)—we reverse with directions to reinstate the original judgment and sentence.

## I.

Mr. Islaam pled guilty to engaging in a continuing criminal enterprise under section 893.20. In line with his plea agreement, the trial court sentenced him to sixty months in prison and ordered him to pay $650 in fines, costs, and fees. The trial court entered the judgment and sentence in December 2021. Then, on December 1, 2022, the State filed a Motion to Correct Incomplete Sentence.

The State argued that section 893.20(2) requires a $500,000 fine to be imposed on every person convicted of engaging in a continuing criminal enterprise. The State did not cite any legal authority by which the trial court could add the fine so long after Mr. Islaam's original sentencing. (Nor, for that matter, did the State address why it had not mentioned the fine during any prior proceeding.) But the State now contended that the fine was mandatory, and the trial court agreed. On February 3, 2023, the trial court set aside Mr. Islaam's original judgment for fines, costs, and fees and entered an amended one, bringing the amount Mr. Islaam owed from $650 to $500,650.

Taking issue with his financial obligations being multiplied by a factor of over seven hundred after he had already spent thirteen months in prison, Mr. Islaam timely appealed. He challenges the amended judgment on three grounds. First, Mr. Islaam contends the trial court lacked authority to add the $500,000 fine more than a year after issuing his original judgment and sentence. Second, and in service of his first claim, he argues that imposition of the $500,000 fine is discretionary under section 893.20(2) and that the trial court erred by concluding

2

otherwise.  Third, Mr. Islaam argues that the State waived its right to recover the $500,000 fine by neither requesting it as part of his plea agreement nor mentioning it at his original sentencing hearing. Although we decline to consider Mr. Islaam's third contention because it is unpreserved,[1] we agree with his first two arguments.

## II.

The State did not cite rule 3.800 in its motion to modify Mr. Islaam's sentence, but the motion was substantively indistinguishable from a rule 3.800 motion, as to which a trial court's ruling is reviewed de novo.  *See Zeno v. State*, 330 So. 3d 1048, 1050 (Fla. 2d DCA 2021); *Williams v. State*, 244 So. 3d 1173, 1175 (Fla. 2d DCA 2018).  Moreover, the arguments on appeal implicate the trial court's jurisdiction and a question of statutory interpretation, both of which are subject to de novo review.  *See Mendenhall v. State*, 48 So. 3d 740, 747 (Fla. 2010) ("Questions of statutory interpretation are subject to de novo review."); *IOU Cent. Inc. v. Pezzano Contracting & Dev., LLC*, 311 So. 3d 295, 301 (Fla. 2d DCA 2020) ("The issue of whether a trial court has jurisdiction is a question of law that is . . . reviewed de novo.").

## A.

Mr. Islaam argues that the trial court lacked authority to modify his sentence as it did more than a year after his original sentencing. "Generally, a trial court has no authority to modify a sentence after a defendant has begun serving it."  *Thomas v. State*, 921 So. 2d 657, 661 (Fla. 2d DCA 2006).  Rule 3.800 provides three exceptions to this

---

[1] Mr. Islaam did not argue waiver below so the issue is unpreserved.  *See Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985); *see also Pulte v. New Common Sch. Found.*, 334 So. 3d 677, 680 (Fla. 2d DCA 2022) ("[T]he failure to preserve an argument for appeal generally precludes our consideration of that argument on appeal.").

principle.  Under rule 3.800(a)(1), a trial court may correct an "illegal sentence" at any time.  Under rule 3.800(b), a trial court may correct a sentencing error at the State's request if the correction would benefit the defendant or fix a scrivener's error.  And under rule 3.800(c), a trial court may modify a legal sentence within sixty days of its imposition.

The State did not cite any provision of rule 3.800—or, indeed, any legal authority—in its motion to correct Mr. Islaam's sentence or at the hearing that followed.  Neither did the trial court cite any rule or authority in granting the State's motion.  The motion seemed to sound in the key of rule 3.800(b), asking the court to "correct" a sentence that the State described merely as "incomplete."  But the correction the State sought would have neither fixed a mere scrivener's error nor benefitted Mr. Islaam, so rule 3.800(b) would have been inapplicable.  And because the State did not file its motion until almost a year after Mr. Islaam's original sentencing, a rule 3.800(c) motion would have been time-barred.

This leaves rule 3.800(a) as the only authority under which the State could have brought its motion.  Rule 3.800(a)(1) allows a trial court to "at any time correct an illegal sentence imposed by it."  On appeal, the State argues that Mr. Islaam's original sentence was illegal because it lacked the $500,000 fine, so it was correctable by the trial court at any time.  For his part, Mr. Islaam argues that omitting the fine by no means rendered the original sentence illegal, so the trial court had no authority to modify it.

The bar is high for classifying a sentence as "illegal" under rule 3.800(a).  Our supreme court has described an illegal sentence as one "that patently fails to comport with statutory or constitutional limitations."  *Plott v. State,* 148 So. 3d 90, 94 (Fla. 2014).  To rise to this level, "the sentence must impose a kind of punishment that no judge

4

under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." *Carter v. State*, 786 So. 2d 1173, 1178 (Fla. 2001) (emphasis omitted). The State maintains that no judge could have imposed Mr. Islaam's original sentence because section 893.20(2) mandated that his sentence include a $500,000 fine.

This brings us to the statutory interpretation question at the heart of this appeal. The State reads section 893.20(2) as mandating that a $500,000 fine be imposed on every person convicted under the statute. Mr. Islaam reads section 893.20(2) as leaving imposition of the fine to the trial court's discretion. If the State is right, and the fine is mandatory, we must decide whether Mr. Islaam's sentence was illegal without it. But if Mr. Islaam is right, we need not reach this question because his original sentence was legal and the trial court lacked authority to modify it under rule 3.800(a).

**B.**

Section 893.20 states in relevant part:

> (2) A person who commits the offense of engaging in a continuing criminal enterprise is guilty of a life felony, punishable pursuant to the Criminal Punishment Code and by a fine of $500,000.

> (3) Notwithstanding the provisions of [section] 948.01, [Florida Statutes (2020),] with respect to any person who is found to have violated this section, adjudication of guilt or imposition of sentence may not be suspended, deferred, or withheld.

At bottom, the parties disagree over the meaning of "punishable . . . by a fine of $500,000" in subsection (2). The State reads the language as mandating a $500,000 fine in every case. Mr. Islaam reads it as merely allowing for discretionary imposition of a fine of up to $500,000.

Our interpretive lodestar is the statutory text itself. *See State v. Crose*, 378 So. 3d 1217, 1234 (Fla. 2d DCA 2024) (en banc) ("[T]o derive

5

the meaning of statutes, we are to look to the text itself, as understood in its context, not to any purported intent underlying the text.").  And the question we must ask here is straightforward: Does "punishable by" mean "punished in every case by," or does it instead mean "able to be punished by"?

Our supreme court's holding in *Brown v. State*, 237 So. 2d 129 (Fla. 1970), is instructive.  There, the defendant had a prior conviction for breaking and entering with the intent to commit a misdemeanor, and he was later convicted of felonious possession of a firearm.  *Brown v. State*, 232 So. 2d 55, 56 (Fla. 4th DCA), *approved in all respects and adopted by Brown v. State*, 237 So. 2d 129, 129 (Fla. 1970).  The defendant argued that his prior conviction was not a felony, but the Fourth District disagreed, and the supreme court approved its holding in all respects.  *Id.*  The Fourth District reasoned that a felony is a crime "punishable by" death or imprisonment in state prison under section 775.08, Florida Statutes (1965), and under section 810.05, Florida Statutes (1965), the defendant's prior conviction was punishable by imprisonment in either state prison or county jail.  *Id.* at 56–57.  Thus, under the "plain and ordinary meaning" of section 775.08, "any crime for which a convicted person may be imprisoned in the state prison is a crime 'punishable by' imprisonment in the state prison," even though alternative punishment options exist.  *Id.* at 57.  Applying similar reasoning here, a crime "punishable . . . by a fine of $500,000" is not one that *must* be punished by a $500,000 fine in every case.  Instead, section 893.20(2) merely *permits* imposition of a $500,000 fine on a person convicted of engaging in a continuing criminal enterprise.[2]

---

[2] Pointing to subsection (3) of section 893.20, the State argues that the prohibition on suspension, deferral, or withholding of adjudication of

6

In contrast, other sections of chapter 893 use express, mandatory language to describe mandatory fines. For example, section 893.135 uses the phrase "shall be ordered to pay" in describing mandatory fines for drug trafficking. *See, e.g.*, § 893.135(1)(a)1, 2, (b)1.a, b, (c)1.a, b, c. Section 893.20(2) uses no such mandatory language. We therefore interpret this section to permit—but not require—a $500,000 fine in every case.

Furthermore, to the extent section 893.20(2) is susceptible of divergent interpretations, we must resolve any ambiguities in favor of Mr. Islaam. *See* § 775.021(1), Fla. Stat. (2023) ("The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused."); *Kasischke v. State*, 991 So. 2d 803, 814 (Fla. 2008) (explaining that the rule of lenity "is not just an interpretive tool, but a statutory directive" requiring that "[a]ny ambiguity or situations in which statutory language is susceptible to differing constructions *must* be resolved in favor of the person charged with an

---

guilt or imposition of sentence shows that the fine language in subsection (2) should be read as mandatory. Although the State does not elaborate on its inferential logic, the suggestion seems to be that, because subsection (3) is unforgiving, so too must subsection (2) be unforgiving. We reject any such argument that a statute harsh in one respect is therefore harsh in other respects. Instead, we recognize, as the United States Supreme Court has before us, that "[l]egislation is . . . the art of compromise, the limitations expressed in statutory terms often the price of passage." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 89 (2017). In this legislation, subsection (3) bars a trial court from suspending, deferring, or withholding a criminal defendant's sentence. It says nothing about what that sentence must or may encompass. And just because subsection (3) requires the trial court to impose a sentence on a person convicted under the statute does not mean that the trial court must impose the most punitive sentence, and the largest fine, permissible under the statute.

offense" (alteration in original)). Although we do not find the language ambiguous here, any ambiguities would be resolved contrary to the State's favored interpretation.

We have no compunction in concluding that section 893.20(2), insofar as it provides that the crime of engaging in a continuing criminal enterprise is "punishable . . . by a fine of $500,000," means only that the crime may be punished by a fine of $500,000. To conclude otherwise would distort the meaning of "punishable" and superimpose an exceedingly punitive policy in the absence of any textual directive to do so. We respect the legislative process—and Mr. Islaam's right to rely on the words of the statute—too much to do that.

### III.

Because section 893.20(2) does not mandate imposition of a $500,000 fine, Mr. Islaam's original sentence was not illegal for lacking it. And because the sentence was not illegal under rule 3.800(a), the trial court was without authority to modify it over a year after it was originally imposed.

Reversed and remanded.

SLEET, C.J., and ATKINSON, J., Concur.

_____

Opinion subject to revision prior to official publication.