PER CURIAM.
This is a timely appeal by a defendant from an order denying his motion for post conviction relief under Rule 1, F.S.A. ch. 924 Appendix. The grounds of the motion were that the record failed to show a waiver of counsel or a signed waiver of the right to a jury trial. The trial judge denied the motion on the ground that the record reflected a waiver. The minute book entry, which is. relied upon to show the waiver, states as follows:
“Defendant, Garland Leeds, was brought before Court. Defendant, Garland Leeds, waived appointment of attorney to represent him in this cause, and, it appeared to the Court that the defendant was an intelligent man and was capable of making an intelligent waiver. Defendant, Garland Leeds, was arraigned and plead guilty to the charge of Escape. Court adjudged the defendant to be guilty as charged and sentenced him to serve two (2) years in the State Penitentiary, this sentence to run consecutively with sentence now being served. For sentence see C.C.M. Book 12, page 522. (Defendant stated his age to be 34 years).”
Appellant- contends this is not sufficient to conclusively show an intelligent waiver, and therefore the motion should not have been denied without a hearing.
Appellee argues that the appellant is entitled to no relief on the basis of the record, and that the appellant is merely claiming the record does not sufficiently show a waiver, but does not allege that he did not actually waive counsel. Appellant also contends that the motion is defective because it fails to allege insolvency.
The controlling principles were set forth in King v. State, Fla.App.1963, 157 So.2d 440, 444:
“ * * * In a right-to-counsel case, the burden rests upon the defendant in his collateral .attack upon the judgment to rebut this presumption by first alleging and then proving by a preponderance of the evidence (1) that he was not represented by counsel; (2) that he was financially unable to employ counsel; and (3) that he did not competently and intelligently waive his right to counsel. In regard to this latter point, upon a motion so alleging, if the record shows that the court neither advised defendant of his constitutional right to counsel nor offered to appoint counsel, and the return of the prosecuting attorney of the court makes no allegations of fact to the effect that the defendant was aware of his constitutional right to counsel and was offered counsel, there is no need to determine the question of competent and intelligent waiver, for a waiver ‘is ordinarily an intentional relinquishment or abandonment of a known right or privilege.’ Johnson v. Zerbst, supra, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023 [82 L.Ed. 1461], The fact that the record is silent as to whether or not a defendant requested counsel, or whether or not a defendant was offered counsel, does not create a presumption that the defendant waived his constitutional right to counsel. ‘Presuming waiver from a silent record is impermissible.’ Carnley v. Cochran, supra, 369 U.S. 506, 516, 82 S.Ct. 884, 890 [8 L.Ed.2d 70]. As we have noted above, a request for counsel is not necessary; and a failure to request counsel does not constitute a waiver of the right. On the other hand, if the record shows or if there is evidence which shows that the court offered counsel to defendant, then the burden rests upon the defendant to allege and prove that he did not intelligently and understandingly reject such offer. Where the facts are in dispute, a hearing must be held. * * * ”
This case has been specifically approved by the Supreme Court in Mason v. State, Fla.1965, 176 So.2d 76.
From the minute book entry here, it does not appear whether the defendant was offered counsel, and since the King and *79 Mason cases hold that an offer of counsel cannot he presumed from a silent record, it would appear that the motion should not have been denied on the ground that the record showed a waiver.
As to the failure to allege insolvency, there is in the record an order of the circuit court, previously entered in connection with another motion, adjudging the defendant insolvent. However, there is no allegation of insolvency at time of arraignment, and this makes the motion defective. Stacey v. State, Fla.App.1964, 165 So.2d 222; Savage v. State, Fla.App.1963, 156 So.2d 566; and Gaines v. State, Fla.App. 1965, 172 So.2d 887.
The usual procedure in this type case is to affirm, without prejudice to file a sufficient motion. Gaines v. State, supra; Armstrong v. State, Fla.App.1964, 165 So. 2d 233; and Turner v. State, Fla.App.1964, 161 So.2d 11. Accordingly, the order is affirmed without prejudice to defendant’s rights on a subsequent motion.
Affirmed.
ALLEN, C. J., and SHANNON and LILES, JJ., concur.