PER CURIAM.
The appellant was charged, tried and convicted of robbery, in the criminal court of record of Dade County on September 20, 1966. He was sentenced to confinement in the state penitentiary for a period of six years, less 53 days previously served.
On August 4, 1967, appellant filed a motion for relief in the trial court, under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. The motion was denied without evidentiary hearing, the order reciting it did not set forth legal grounds for granting a new trial or release of the prisoner and was insufficient in substance. The public defender, appointed to represent the defendant on appeal, took this appeal therefrom.
In the brief of the appellant the grounds of the motion were explained thus: “He alleged that the sentence was imposed upon him contrary to the requirements of the federal constitutional mandates of due process of law, that the testimony at trial was based upon knowing use of perjured testimony by the prosecutor, and that this testimony in fact violated rules of ‘fundamental fairness.’ ”
■ The challenge directed to the sentence was without merit. The contention in the motion with reference to knowing use of perjured testimony amounted to no more than a bare allegation thereof without supporting facts. Reference therein to testimony of a particular witness amounted to a contention that identification testimony given was lacking in credibility. The denial of the motion by the trial court without evidentiary hearing was proper, under ample authority. See Smith v. State, Fla. App.1965, 176 So.2d 383, 384, and cases cited there.
However we modify the trial court’s order to be a denial of the motion without prejudice (Leeds v. State, Fla.App. 1966, 187 So.2d 77), and as thus modified the order appealed from is affirmed.
Modified and affirmed.