PEARSON, Chief Judge.
This is an appeal from an order denying without evidentiary hearing appellant’s motion for relief pursuant to Rule 1.850, Florida Rules of Criminal Procedure, 33
*354 F.S.A. The trial judge set out the ground for the denial as follows:
“That Movant is not presently incarcerated by virtue of the Sentence heretofore imposed upon him in this cause on January 6, 1948, said sentence having been heretofore completely satisfied.”
The conclusion of the trial judge is supported by decisions in this jurisdiction prior to the date of his order. Nevertheless we think that the ground is not sufficient under the later decisions. See Lawson v. State, Fla.1970, 231 So.2d 205; State v. Reynolds, Supreme Court, case no. 38,848, filed March 11, 1970. And cf. Cappetta v. Wainwright, 406 F.2d 1238 (5th Cir.1969). The foregoing authorities lead us to conclude that a prisoner is “in custody” for the purpose of applying for post-conviction relief from a judgment, the sentence for which has been satisfied, if the motion shows some relationship between the current confinement and the judgment to which the motion for relief is addressed such as would result in the prisoner’s receiving credit in some degree on the current confinement. The relationship claimed in this motion is by no means clear. However, prisoners seeking relief under Rule 1.850 are not held to exactitude in pleading. Hall v. State, Fla.App.1964, 160 So.2d 527. In the instant case the state has conceded in argument that from the allegations of the motion there may be a relationship between the current confinement and the judgment to which the motion is addressed. We therefore hold that the reason assigned by the trial judge for the summary denial of the motion is insufficient.
The ground for relief relied upon by appellant in his motion is an allegation that he was not afforded counsel at the time of his conviction in 1948. The state points out that the motion is fatally defective in that it does not allege that appellant was insolvent and unable to procure counsel in 1948. Such an allegation has been held essential even under the relaxed requirements for a motion for relief pursuant to Rule 1.850. Savage v. State, Fla.App.1963, 156 So.2d 566; Leeds v. State, Fla.App.1966, 187 So.2d 77. Therefore the order denying relief under the rule cannot be held to have been erroneous.
Inasmuch as our affirmance of the denial of appellant’s motion is based on the above-mentioned deficiency in the allegations of the motion, the affirmance will not prejudice a subsequent motion upon the same ground if appellant is able truthfully to allege that he was insolvent and unable to procure counsel in 1948. See Leeds v. State, above.
Affirmed.