OWEN, Chief Judge.
By habeas corpus we have granted petitioner delayed appellate review of an order entered May 5, 1972 denying his motion to vacate under Rule 3.850, RCrP, 33 F.S.A.
On June 8, 1970, without counsel present, petitioner pled guilty to the offense of aggravated assault. On February 17, 1971, he was adjudged guilty and sentenced. On July 22, 1971, petitioner filed his motion to vacate judgment and sentence alleging as ground for relief that he was without counsel at the time he pled guilty. The motion was denied by order of July 28, and on appeal therefrom, McClendon v. State, Fla. *704 App.1972, 260 So.2d 255, we stated as follows :
“The motion alleged as the ground for relief that defendant was without counsel at the time he pled guilty. This allegation standing alone is insufficient to show a right to relief under Rule 3.850 CrPR. On this basis only we affirm the appealed order. Rose v. State, Fla.App.1970, 235 So.2d 353.”
Petitioner then filed in the trial court on May 2, 1972, a further motion to vacate in which he alleged not only the fact that he was without counsel when he pled guilty, but also that at the time of entering the plea he was indigent, that he desired to have the aid of counsel, and that he had not waived his right to counsel. With these additional allegations, the motion was legally sufficient, if true, to entitle petitioner to relief. Lawson v. State, Fla.1970, 231 So.2d 205; Rose v. State, Fla.App.1970, 235 So.2d 353. Nonetheless, the court again denied the motion without evi-dentiary hearing. The order denying the motion (which is the order appealed) stated that the court would not consider this ground since it was the subject of a prior motion which had been denied and affirmed on appeal.
Our prior per curiam opinion (260 So.2d 255) affirming the order of July 28, 1971 simply held that the order correctly denied the motion because the allegations were legally insufficient. This did not foreclose consideration of a new motion to vacate on the same grounds where the necessary allegations have been added. Archer v. State, Fla.App.1964, 166 So.2d 163. Since the record does not conclusively show that such allegations are not true, an evidentiary hearing is required. The order is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and MAGER, JJ., concur.