364 So.2d 67 (1978)
Roosevelt SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1629.
District Court of Appeal of Florida, Fourth District.
November 8, 1978.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles A. Stampelos, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
This is an appeal from the trial court's summary denial of a pro se motion to vacate filed under Rule 3.850 of the Florida Rules of Criminal Procedure. The appeal predates the 1977 revision of the Florida Rules of Appellate Procedure and is thus not governed by Rule 9.140(g).
The order appealed states that the 3.850 motion was denied because it was, "not in substantial compliance with the requirements of Rule 3.850 Fla.R.Crim.P., effective on July 1, 1977." One clear omission from the motion was the failure to state whether defendant had filed any previous postconviction motions. Since Rule 3.850 specifically provides that the sentencing court shall not be required to entertain a second or successive motions for similar relief, the omission of this information cannot be considered inconsequential or nonsubstantial.
Under these circumstances, instead of filing an appeal, defendant could have simply filed a new 3.850 motion and supplied the omission. The defendant/appellant's brief before this court filed by the Public Defender now seeks leave to refile the motion before the trial court. We are not at all certain that leave of this court is necessary, but it is certainly granted. See McClendon v. Wainwright, 280 So.2d 703 (Fla. 4th DCA 1973). It is not our intention to require overly technical rule compliance in all prose pleadings. However, Rule 3.850 was specifically *68 designed for the unrepresented.[1] Indeed, Rule 3.987 of the Florida Rules of Criminal Procedure provides a complete fill-in-the-blanks type form to assist prisoners in preparing their 3.850 motions.
We find that the trial court correctly denied the motion to vacate herein for the reasons stated in the order and the order below is, therefore, affirmed.
AFFIRMED.
CROSS and LETTS, JJ., concur.
NOTES
[1] See Committee Note to Rule 3.850. It should also be noted that the defendant was represented by the Public Defender at trial, on motion for new trial, and on a full appeal before this Court. It was only after his unsuccessful appeal on the merits that the defendant filed a prose motion based on Rule 3.850. This 3.850 motion relied primarily on alleged incompetence of the Public Defender at trial. The prose 3.850 motion was denied and once again, the Public Defender is representing the defendant on his second appeal before this court questioning the denial. The Public Defender here asserts and argues in favor of appellant's incompetent counsel argument.