509 So.2d 1149 (1987)
Samuel Christopher GOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. BL-300.
District Court of Appeal of Florida, First District.
June 17, 1987.
*1150 Samuel Golden, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Patricia Conners, Asst. Atty. Gen., for appellee.
ZEHMER, Judge.
The trial court denied Golden's rule 3.850 motion for post-conviction relief as insufficient on its face, and Golden appeals. Pursuant to our request, the Attorney General has filed a brief in response to appellant's contentions. We reverse and remand for further proceedings.
Appellant pled guilty on January 6, 1984, to a sexual battery offense that occurred *1151 before October 1, 1983, the date the sentencing guidelines became effective. He received a sentence of three hundred years' imprisonment, with the trial court retaining jurisdiction over the first one-third of that sentence. Appellant retained new counsel and filed a notice of appeal. He also filed, through his trial counsel, a rule 3.800 motion to withdraw plea or vacate sentence in the trial court. His appellate counsel then filed a motion in this court to relinquish jurisdiction to allow the trial court to consider the rule 3.800 motion. This court sua sponte decided to dismiss the appeal without prejudice. The trial court thereafter denied appellant's motion to withdraw plea on the ground that the appellate court had jurisdiction over the case. No further action was taken to pursue his appeal. The effect of these procedural irregularities is that appellant has never had his motion to vacate sentence or withdraw plea considered on the merits.
Appellant filed the rule 3.850 motion under review in December 1985 and alleged a number of grounds for reversal of his sentence. Appellant's motion included the information required by rule 3.850 with two exceptions: It did not state whether he had filed any previous 3.850 motions, and it stated that although he had filed an appeal he did not know its outcome.
The court denied the motion, giving four reasons: (1) Appellant is trying to retry issues previously litigated on direct appeal; (2) appellant's motion contains matter raised on direct appeal which may not form the basis for collateral attack in a motion for post-conviction relief; (3) appellant's motion fails to comply with the rules of criminal procedure by failing to allege essential matters which must be alleged before the court may consider such a motion; and (4) appellant's motion is insufficient because it does not state whether an appeal from the judgment and sentence was filed and, if an appeal was so filed, the disposition thereof or, further, whether previous post-conviction motions were filed and, if so, how many.
Appellant filed a motion for rehearing in which he alleged he had filed an appeal but that there had never been any briefs filed or any ruling by this court. He also admitted that he had erred in not supplying the information about previous 3.850 motions and stated that this was his first such motion. Appellant's motion for rehearing was denied without explanation.
The first issue we consider is a procedural one: whether appellant has now sufficiently satisfied the contents of motion requirements of rule 3.850 to make the motion facially sufficient. Of the court's four reasons for denying appellant's motion, the first two are clearly not valid in this case, as the state admits. The remaining two reasons relate to whether appellant's motion complied with the informational requirements of rule 3.850. The legal standard is one of "substantial compliance." Majors v. State, 451 So.2d 536 (Fla. 1st DCA 1984). Although appellant's original motion was somewhat deficient, his motion for rehearing supplied the two missing items of information in detail sufficient to meet the "substantial compliance" standard. Because appellant has substantially complied with the requirements of rule 3.850, and because the state has asked us to reach the merits of appellant's motion, we now consider each of appellant's contentions on the merits.
Appellant first contends that the charging document in this case was signed with a rubber stamp, lacks a legal signature, and is fundamentally void, citing Dobson v. State, 434 So.2d 332 (Fla. 3d DCA 1983). A rule 3.850 motion cannot be used to review ordinary trial errors cognizable by means of a direct appeal. McCrae v. State, 437 So.2d 1388, 1390. As the court stated in McCrae, "[A]ny matters which could have been presented on appeal are ... foreclosed from consideration by motion under the Rule [3.850]." Id. at 1390. Since the lack of a legal signature on a charging document may be raised on direct appeal, appellant is precluded from raising this issue in his 3.850 motion.
Appellant next argues that a sentence of three hundred years with jurisdiction retained over the first hundred years is cruel and unusual punishment and disproportionate *1152 to the seriousness of his offense, citing Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Appellant's three-hundred-year sentence is within the statutory maximum provided by law at the time he committed his offense. § 775.082(3)(a), Fla. Stat. (1983).[1] Construing the statutory language applicable to appellant, Florida courts have upheld a three-hundred-year sentence. Powlowski v. State, 467 So.2d 334 (Fla. 5th DCA 1985). Appellant's motion has not shown that his sentence falls within the criteria discussed in Helm. The harshness of the penalty is commensurate with the gravity of his offense. Appellant has not alleged that his sentence is greater than that imposed on most or all of the similarly situated criminals in Florida, nor that his sentence is more severe than other states would impose for the same offense. The allegations on this ground are facially insufficient.
Appellant next argues that the evidence was insufficient to support a finding of first degree sexual battery. Appellant was charged with sexual battery using actual physical force likely to cause serious personal injury. The victim alleged that she was struck on the back on the head and neck with appellant's fists and was choked by appellant while he had his knee on her chest. Appellant notes that a doctor's report of the injuries to the victim showed she had no bruises on her body. We agree with appellant that the skimpy facts shown on the record may not support a charge of first degree sexual battery.[2] A guilty plea, however, if voluntary, is conclusive as to the defendant's guilt of the charge. Stovall v. State, 252 So.2d 376 (Fla. 4th DCA 1971). Although appellant also argues that his plea was involuntary, he predicates this issue on grounds which do not obviate his waiver of the sufficiency of the statement of facts presented at sentencing. To the extent that appellant is arguing that his counsel should have advised him not to plead guilty, this contention is also raised under appellant's argument on ineffective assistance of counsel, and will be discussed under that issue.
Appellant next argues that the trial court erred in not informing appellant of the possibility that the court would retain jurisdiction, in not giving appellant a hearing to determine aggravating and mitigating circumstances, and in attaching to the order retaining jurisdiction a letter from someone who was not the victim in this case. The record does not support appellant's first two contentions. It reflects that the court informed appellant, before accepting his plea, that retention of jurisdiction over his sentence was a possibility. It also reflects that the court heard matters in aggravation and mitigation during the sentencing hearing. Appellant was sentenced for two crimes simultaneously, and the court entered one order retaining jurisdiction in both cases. The letter was from the victim of the other crime. Even assuming that consideration of this letter was error, this error could have been raised on direct appeal and thus cannot be raised in a 3.850 motion. McCrae v. State, 437 So.2d 1388.
Appellant next argues that he should have been given the opportunity to elect to be sentenced under the sentencing guidelines. Appellant was not eligible to be sentenced under the sentencing guidelines in this case because he committed a life felony. Life felonies committed prior to October 1, 1983, are expressly exempted from the requirement that the defendant be given the choice to be sentenced under *1153 the guidelines. § 921.001(4)(a), Fla. Stat. (1983).
Appellant also contends that the trial court erred in allowing him only ten minutes during the sentencing hearing in which to read the presentence investigation report, citing Guglielmo v. State, 318 So.2d 526 (Fla. 1st DCA 1975). Appellant's counsel apparently received the presentence investigation only a few hours before the sentencing hearing, and counsel informed the court at the sentencing that appellant had not yet had time to read the report. The court then allowed a ten-minute recess to enable appellant to read the report. Counsel did not object to this time limit, and informed the judge after the recess that his client had time to read the report. Although we agree with appellant that ten minutes was probably insufficient to read the lengthy report, this issue should have been raised on direct appeal and cannot be raised on a 3.850 motion. McCrae v. State, 437 So.2d 1388.
Appellant contends that the prosecutor deliberately misled the judge to believe that the offense constituted a life felony, when the facts supported only a second degree felony. Although the statement of facts underlying the first degree sexual battery charge in this record appears to be weak, the facts could arguably support the charge made, and it was thus within the prosecutor's discretion to seek conviction on this charge. U.S. v. Helmich, 521 F. Supp. 1246 (M.D.Fla. 1981), affirmed, 704 F.2d 547 (11th Cir.), cert. denied, 464 U.S. 939, 104 S.Ct. 353, 78 L.Ed.2d 317 (1981); see State v. Cain, 381 So.2d 1361 (Fla. 1980) (discretion of prosecutor in deciding whether and how to prosecute is absolute). We find no error on this ground.
Appellant next argues that his trial counsel was ineffective because (1) he failed to attack the sufficiency of the charging document; (2) he failed to make a proper pre-trial investigation; (3) he failed to object to appellant's entering a guilty plea to a life felony where the evidence only supported a charge of a second degree felony; (4) he failed to object to the prosecutor's misleading the court as to defendant's eligibility to be sentenced under the guidelines; and (5) he advised appellant that the maximum sentence he could receive on a plea of guilty was life. Appellant argues that he was prejudiced by these errors in two ways: First, he entered a guilty plea believing the maximum sentence he could receive was imprisonment for life; second, he pled guilty to a life felony when the facts did not support the charge.
The standard for determining whether appellant was unconstitutionally deprived of the effective assistance of counsel is set forth in Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985), adopting Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That standard requires, first, a showing that counsel was deficient, that is, made errors so serious that he or she was not functioning as the "counsel" guaranteed by the sixth amendment. Second, it must be shown that the deficiency was prejudicial, that is, that counsel's errors were so serious as to deprive the defendant of a fair trial.
Taking as true the facts as presented by appellant, we conclude that, although two alleged grounds are insufficient, he has alleged a prima facie case of ineffective assistance of counsel. Two alleged deficiencies are facially insufficient. Counsel's failure to object to the stamped signature on the charging document, although an error which could have been timely raised, is not serious enough to establish constitutionally deficient conduct. And since appellant was not eligible to be sentenced under the guidelines, his attorney was correct in not raising this point.
The remaining three deficiencies are more serious. Appellant contends that his attorney should have advised him that the evidence supporting the charge of a life felony was weak. Accepting a plea bargain even though the evidence is weak may be a tactically sound decision, but it is a decision for the defendant, not his attorney to make. Counsel's failure to advise his client that the state's evidence was *1154 weak, if true, would be constitutionally deficient assistance of counsel. Moreover, appellant's counsel should have accurately determined the maximum sentence to which his client would be subjected upon a guilty plea and informed appellant of it before entry of the plea. That is, counsel should have explained that the maximum sentence could be a term of several hundred years, with jurisdiction reserved for one-third of the time, well in excess of appellant's life expectancy. These alleged errors, if true, critically affect the voluntariness of appellant's guilty plea and demonstrate the potential prejudice required under Strickland.
Appellant's final contention is that his sentence violated the plea agreement as he understood it and therefore his guilty plea must be vacated as involuntary. Certainly, a plea may be withdrawn where the judge abides by the plea agreement but the defendant was induced to enter the plea by a mistake or misunderstanding. Tobey v. State, 458 So.2d 90 (Fla. 2d DCA 1984); Ritchie v. State, 458 So.2d 877 (Fla. 2d DCA 1984). Appellant contends that his counsel informed him that the maximum sentence he could receive was life imprisonment, which he understood to mean a life sentence, with jurisdiction over one-third of his reasonable life expectancy. After serving that period, he assumed, he would be eligible for parole. Instead, he received a sentence of three hundred years, with jurisdiction retained for one hundred years, effectively precluding parole for the rest of appellant's life. During the plea colloquy, the judge merely asked appellant if he was aware that the offense was punishable by up to life in prison. He did not explain that a term of years well in excess of appellant's life expectancy could be imposed. Assuming appellant's contentions to be true, as we must in reviewing the facial sufficiency of the motion, the sentence appellant received is substantially in excess of the maximum sentence appellant says he understood he could receive. These allegations are sufficient to require the taking of evidence to determine whether they are true.
The appealed order is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent herewith.
SMITH and SHIVERS, JJ., concur.
NOTES
[1] The statute in effect when the offense was committed authorized the court to sentence appellant to imprisonment "for life or for a term of years not less than 30." Had appellant committed this offense after October 1, 1983, his sentence would have been limited "to life or a term of years not to exceed forty." § 775.082(3)(a), Fla. Stat. (1983); ch. 83-87, Laws of Florida.
[2] The attorney for the state merely stated that the state would be prepared to prove that appellant committed sexual battery with actual force likely to cause serious personal injury to the victim. The trial judge should have inquired into the specific facts supporting the use of force, and determined that the facts were indeed sufficient to support a charge of first degree sexual battery before accepting appellant's guilty plea.