ZEHMER, Judge.
The trial court denied Golden’s rule 3.850 motion for post-conviction relief as insufficient on its face, and Golden appeals. Pursuant to our request, the Attorney General has filed a brief in response to appellant’s contentions. Having now considered appellant’s motion and the state’s response, we reverse and remand for further proceedings.
Appellant pled guilty on January 6, 1984, to attempted sexual battery in connection with a crime that occurred before October 1, 1983, the date the sentencing guidelines became effective. He received a sentence of thirty years, to run concurrently with a three-hundred-year sentence imposed in the same sentencing hearing for another crime.[1] Appellant retained new counsel and filed a notice of appeal in both cases. He then filed, through his trial counsel, a rule 3.800 motion to withdraw plea or vacate sentence in the trial court. His appellate counsel then filed a motion in this court to relinquish jurisdiction so that the trial court could consider the rule 3.800 motion. This court sua sponte dismissed the appeal without prejudice. The trial court denied appellant’s motion to withdraw his plea on the ground that the appellate court had jurisdiction over the case. No further action was taken to pursue either appeal. The result is that appellant’s challenges to the sentence have never been considered on the merits.
Appellant filed the rule 3.850 motion now under review in December 1985, and alleged a number of grounds for the vacation of his sentence. The court denied this motion, stating it was “based on a gross misunderstanding of the cited statutes.” Appellant’s motion for rehearing was denied without explanation.
Appellant first argues that the charging document in this case is fundamentally defective because it was improperly signed by a rubber stamp. This issue cannot be raised on a 3.850 motion because it could have been raised on direct appeal. *1156 McCrae v. State, 437 So.2d 1388, 1390 (Fla. 1983); Golden v. State, 509 So.2d 1149 (Fla. 1st DCA 1987).
Appellant next argues that he was erroneously sentenced for a first degree felony although the crime to which he pled guilty, attempted sexual battery, was a second degree felony. Sexual battery with actual physical force likely to cause serious personal injury is a life felony. § 794.-011(3), Fla.Stat. (1983). An attempted life felony is punishable as a second degree felony. § 777.04(4)(b), Fla.Stat. (1983). A second degree felony is punishable by up to fifteen years’ imprisonment. § 775.-082(3)(c), Fla.Stat. (1983). Appellant was sentenced to thirty years in prison, twice the statutory maximum. The state concedes that imposition of this sentence was error. Accordingly, the sentence is vacated with directions to resentence appellant within the statutory maximum.
Appellant also contends that (1) the prosecutor was guilty of misconduct in informing the trial judge that appellant was being sentenced for a first degree felony; (2) the trial judge was guilty of misconduct for sentencing appellant for a first degree felony when in fact he was charged with a second degree felony; and (3) appellant’s counsel was ineffective because he did not object to appellant’s being sentenced for a first degree felony. In view of our disposition of this appeal, these alleged errors are moot.
Appellant also states he was never given the opportunity to elect sentencing under the guidelines. Because appellant was sentenced after the effective date of the guidelines, section 921.001(4)(a), Florida Statutes (1983) requires that he be given the opportunity to elect sentencing under the guidelines. Upon sentencing on remand, therefore, appellant shall be given the opportunity to so elect.
REVERSED and REMANDED.
SMITH and SHIVERS, JJ., concur.

. Appellant’s appeal from the denial of his rule 3.850 motion in that case likewise resulted in reversal and remand for further proceedings. Golden v. State, 509 So.2d 1149 (Fla. 1st DCA 1987).