ERVIN, Judge.
Appellant urges that the lower court, following remand of this cause in Golden v. State, 509 So.2d 1149 (Fla. 1st DCA 1987) (Golden I), erred in not setting aside his plea of guilty to the offense of first degree sexual battery, contending that because we held in Golden I that the evidence was legally insufficient to support the offense charged, the only issue to be resolved on remand was whether trial counsel rendered ineffective assistance to appellant by failing to advise him of the lack of the strength of the case against him. And, he continues, as the evidence received at the *51 hearing on remand discloses that his attorney did not give appellant such advice, we must reverse with directions for the lower court to vacate the judgment and sentence and set aside the plea of guilt. We disagree and affirm.
In Golden I, this court, after reversing the lower court’s summary denial of appellant’s 3.850 motion, remanded the cause for an evidentiary hearing on the issue of whether appellant’s counsel rendered ineffective assistance by (1) failing to advise the appellant that the evidence supporting the charge of first degree sexual battery was weak, and (2) failing to determine the maximum sentence for which the appellant could be subjected. On remand, the trial court correctly found sufficient evidence to support the first degree sexual battery charge, but resentenced the appellant to life imprisonment.
We disagree with the appellant’s interpretation of our prior opinion as making a final determination that the evidence against the appellant could not support the offense charged. In addressing appellant’s argument that the evidence was insufficient to support a finding of first degree sexual battery, we stated, “We agree with appellant that the skimpy,facts shown on the record may not support a charge of first degree sexual battery.” 509 So.2d at 1152 (e.s.). Our allusion to the evidence as being “weak” was, however, merely a comment on the evidence in the record then before us and was not a determinative statement as to the sufficiency of the evidence. This conclusion is reinforced by the following observations made in Golden I: “Counsel’s failure to advise his client that the state’s evidence was weak, if true, would be constitutionally deficient assistance of counsel.” Id. at 1153-54 (e.s.). We further commented that the trial court, before accepting appellant’s guilty plea, “should have inquired into the specific facts supporting the use of force, and determined that the facts were indeed sufficient to support a charge of first degree sexual battery_” Id. at 1152, n. 2. As such, we did not hold in Golden I that the evidence in support of the offense of first degree sexual battery was legally insufficient. The doctrine of the law of the case applies only to issues actually or impliedly presented and decided on appeal, and not to mere dicta, or to issues not considered. See 3 Fla.Jur.2d Appellate Review § 421 (1978).
We therefore conclude that the trial court following remand of this cause appropriately conducted an evidentiary hearing for the purpose of deciding the strength of the state’s case, thereby also aiding it in determining the critical issue of whether counsel was ineffective in failing to advise the appellant that the evidence against him was weak. As we find sufficient evidence in the record now before us to support the charge of first degree sexual battery, we conclude that trial counsel was not ineffective in advising his client to plead guilty to such offense, and therefore affirm the order denying appellant’s motion to vacate his sentence.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.