PER CURIAM.
This cause is before us on appeal of the trial court’s order on rehearing denying appellant’s motion under Rule 3.850, Florida Rules of Criminal Procedure, alleging ineffective assistance of counsel. Appellant has alleged numerous grounds for re *922 versal. Some of them require further consideration by the trial court.
Appellant alleges that, although he was informed of the existence of a videotape on the date he pled, he was not told of the contents of the tape until after entering his plea. The contents allegedly were that the victim recanted the accusation. Accordingly, appellant allegedly did not know that the evidence against him was substantially weakened when he pled. In Golden v. State, 509 So.2d 1149 (Fla. 1st DCA 1987), this court held that an attorney’s failure to advise his client that the State’s evidence was weak, was constitutionally deficient assistance of counsel, if true. Since nothing in the trial court’s attachments to the order denying the motion showed that appellant knew that the victim had recanted the allegations, we remand for an evidentiary hearing on this point.
Appellant also alleges that his counsel told him, prior to pleading, that he would be eligible for work release if he pled guilty. However, sex offenders are not eligible for work release under Section 951.24(2)(c), Florida Statutes. Nothing in the record before us refutes this allegation, and appellant is entitled to an evidentiary hearing on this point also.
We find appellant’s other arguments are without merit. However, the trial court is also directed to make appellant’s score-sheet a part of the record in this case and to determine whether it was accurately scored. If it was inaccurately scored, the trial court may consider this fact in conjunction with any other facts indicating possible ineffective assistance of counsel, in determining whether appellant’s plea should be vacated.
BOOTH, BARFIELD and MINER, JJ., concur.