PER CURIAM.
Appellant, Roberto Valdes, appeals his sentence imposed pursuant to a plea agreement. We affirm.
Appellant was arrested and charged with trafficking in cocaine. Appellant entered into a plea agreement with the State. By entering this plea, he could avoid the minimum mandatory sentence for drug trafficking. Appellant entered into this plea against advice of counsel.
The plea agreement provided, inter alia, that in exchange for the reduced sentence, appellant was to cooperate in future drug investigations, take a polygraph examination, and appear at all future proceedings. The plea agreement specifically provided:
It is further agreed between the parties that if the Defendant fails to appear for sentencing on the date set by the Court, the Court shall enter a finding of guilt, an adjudication of guilt and sentence the Defendant to thirty (30) years in the State prison with a minimum mandatory sentence of fifteen (15) years and the appropriate mandatory fine.
Subsequently, appellant failed to appear for sentencing and was sentenced to the term provided for in the plea agreement. Appellant contends that the sentence, outside the guidelines, was invalid.
Failing to appear, pursuant to a plea agreement, constitutes a clear and convincing reason for departure. Quarterman v. State, 527 So.2d 1380 (Fla.1988). We find no error in the sentence thus imposed.
Appellant also claims that his guilty plea was not voluntarily and knowingly entered into, based on a claim that it was made without legal representation. To the contrary, we find that appellant received competent legal advice and chose to disregard it. Based on the authority of Stano v. State, 520 So.2d 278 (Fla.1988) and Golden v. State, 509 So.2d 1149 (Fla. 1st DCA 1987), we reject appellant’s second contention as without merit.
Affirmed.