PER CURIAM.
Byron Keith Basnight appeals an order summarily denying his motion for post-conviction relief. The order merely states:
The Defendant having filed a Motion for Post Conviction Relief and the Court after a review of the file and after a review of the signed plea agreement, as well as the sentencing dialogue, rules as follows:
The Motion for Post Conviction Relief is hereby denied.
The order does not specifically set forth the basis of the court’s ruling, although such recitation is called for in the Committee Note to Rule 3.850, Fla.R.Crim.P.[1] Nor was a copy of the portion of the files and records that conclusively shows that Bas-night is entitled to no relief attached to the order as required by the rule. We are unable, therefore, to treat the appealed order as a disposition on the merits.
We note, however, thai the motion was facially insufficient in that it did not state whether a previous post-conviction motion had been filed and, if so, the reason this claim was not raised in the previous mo *308 tion. Thus, we affirm the order denying the motion, but do so without prejudice to file a facially sufficient motion.
AFFIRMED.
JOANOS and ZEHMER, JJ., and CAWTHON, VICTOR M. (Ret.), Associate Judge, concur.

. The Committee Note reads in pertinent part:
The committee perceives that denial of a motion will either be based on the insufficiency of the motion itself or on the basis of the file or record which the trial court will have ■before it. The proposal provides for a simplified expeditious disposition of appeals in such cases. It is the opinion of the committee that trial courts will in any order of denial based upon the insufficiency of the motion or on the face of the record, set forth specifically the basis of the court’s ruling with sufficient specificity to delineate the issue for the benefit of the appellate courts.