PER CURIAM.
Because the scant plea colloquy in the trial court and the balance of the record in this cause fails to conclusively refute the appellant Rodolfo G. Ortiz’ facially viable claim that his nolo contendere plea in the cause was not freely and voluntarily entered because (a) he thought he was pleading nolo contendere to one robbery charge, rather than a series of criminal charges [including a third-degree murder charge] which, in fact, took place, and (b) he was misled by his counsel into believing that he could not receive a three-year mandatory minimum sentence which, in fact, he received — we reverse the trial court order under review which summarily denies the appellant’s motion to vacate judgment and sentence filed pursuant to Fla.R.Crim.P. 3.850 and remand the cause to the trial court with directions to conduct an eviden-tiary hearing on the appellant’s above-stated involuntary plea claim. Fla.R.Crim.P. 3.850(a), (d); Fla.R.App.P. 9.140(g); State v. Weeks, 166 So.2d 892, 897 (Fla.1964); State v. Coban, 520 So.2d 40 (Fla.1988).
Reversed and remanded.