PER CURIAM.
Darrell Wayne Mitchell has appealed from an order of the trial court denying his motion for post-conviction relief, pursuant to Fla. R.Crim.P. 3.850. We remand to the trial court with directions to dismiss the motion as facially insufficient.
On May 12, 1982, Mitchell (then 17) pled guilty to attempted armed robbery and attempted first-degree murder, in return for concurrent 15- and 75-year sentences, respectively. Mitchell was adjudicated guilty and sentenced in accordance with the plea on June 11,1982. No appeal was taken. Mitchell filed the instant motion on November 1, 1993, alleging that his plea was involuntary because he was not told that he had the right to be sentenced as a youthful offender. In an addendum to the motion, Mitchell alleged that his sentence was illegal, in that the trial court failed to set forth in writing its determination of the suitability of adult sanctions with reference to the criteria in section 39.-lll(6)(c), Florida Statutes (1981). The trial court denied the motion. It did not address Mitchell’s allegation as to the suitability of adult sanctions, but ruled that the trial court properly exercised its discretion to decline to classify Mitchell as a youthful offender.
Although the timeliness of the motion was not addressed by the trial court, we note that it is untimely as to the allegation of an involuntary plea, in that it was filed more than two years after the judgment and sentence became final on June 11, 1982. Further, however, the motion is facially insufficient in that it fails to allege, as required: 1) *607 the court which rendered the judgment and sentence; 2) whether there was an appeal from the judgment or sentence and its disposition; and 3) whether a previous post-conviction motion was filed and, if so, how many. See Fla.R.Crim.P. 3.850(c). The motion is therefore facially insufficient, and should not have been addressed on its merits. We remand with directions that the motion herein appealed be dismissed as facially insufficient.
BARFIELD and DAVIS, JJ., and WENTWORTH, Senior Judge, concur.