PER CURIAM.
Neither the plea colloquy nor any other portion of the record refutes the appellant’s claim that his nolo plea to two counts of battery on a law enforcement officer was induced by his counsel’s erroneous advice that he “would be eligible for controlled release credits” on the agreed sentence. Griffin was therefore entitled to an evidentiary hearing on his 3.850 motion to set the plea aside. See Ortiz v. State, 622 So.2d 131 (Fla. 3d DCA 1993); Eady v. State, 604 So.2d 559 (Fla. 1st DCA 1992); Carter v. State, 599 So.2d 773 (Fla. 2d DCA 1992); McCray v. State, 578 So.2d 29 (Fla. 2d DCA 1991); Tarpley v. State, 566 So.2d 914 (Fla. 2d DCA 1990). The order below denying the motion on its face is therefore reversed and the cause is remanded for further consistent proceedings.