668 So.2d 1089 (1996)
Julius T. GROVES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1699.
District Court of Appeal of Florida, First District.
March 5, 1996.
Julius T. Groves, Pro Se, Appellant.
Robert A. Butterworth, Attorney General; Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal from an order denying the appellant's motion, which was treated as a motion for post-conviction relief. Fla. R.Crim.P. 3.850. We need not reach the merits of the appellant's motion, as said motion is facially insufficient. We affirm, without prejudice to the appellant's right to file below a revised motion that sufficiently complies with the contents requirements set forth in subsection (c) of the rule. Deese v. State, 530 So.2d 384 (Fla. 1st DCA) (failure to comply with Rule 3.850 requirements rendered motion facially insufficient), rev. dism., 534 So.2d 398 (Fla.1988); Burns v. State, 651 So.2d 813 (Fla. 5th DCA 1995) (although trial court's stated reason for denial of Rule 3.850 was erroneous, summary denial was affirmed, without prejudice for the appellant to file an amended motion below complying with the contents requirements of the rule); Mitchell v. State, 638 So.2d 606 (Fla. 1st DCA 1994); Scott v. State, 364 So.2d 67 (Fla. 4th DCA 1978).
In the event the lower tribunal elects to deny any revised motion including substantially similar allegations of "affirmative misrepresentations" by trial counsel, the trial court should attach portions of the record that conclusively show that the appellant is entitled to no relief. Hayes v. State, 665 So.2d 353 (Fla. 1st DCA 1995); Griffin v. State, 644 So.2d 351 (Fla. 3d DCA 1994); Jones v. State, 636 So.2d 604 (Fla. 4th DCA 1994); Carmichael v. State, 631 So.2d 346 (Fla. 2d DCA 1994); Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA 1991).
AFFIRMED.
ERVIN, MICKLE and LAWRENCE, JJ., concur.