907 So.2d 614 (2005)
Lonnie BURCHFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-4916.
District Court of Appeal of Florida, First District.
July 21, 2005.
Appellant, pro se.
*615 Charlie Crist, Attorney General; Shasta W. Kruse, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant challenges the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), claiming entitlement to additional jail credit. We affirm because the motion (a form pleading commonly used by prisoners) was facially insufficient pursuant to rule 3.800(a); the motion failed to allege how and where the record demonstrated appellant's entitlement to two additional days of jail credit. See Whitfield v. State, 864 So.2d 562 (Fla. 1st DCA 2004) (affirming a trial court's order denying a rule 3.800(a) motion claiming additional jail credit, even though the dates supplied by the State in its response to the motion were insufficient as a matter of law to support the denial of relief, because the motion failed to specifically allege where and how the trial court's records in the case would demonstrate an entitlement to relief); see also Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998) (holding that, in accordance with the supreme court's decision in State v. Mancino, 714 So.2d 429 (Fla.1998), a rule 3.800(a) motion "must affirmatively allege that `the court records demonstrate on their face an entitlement to relief,'" and indicating that "[t]he allegations required by Mancino at a minimum would have to address how and where the record demonstrates an entitlement to relief").
We decline to consider appellant's motion as one filed pursuant to Florida Rule of Criminal Procedure 3.850. While appellant's motion is under oath, it fails to comply with the other requirements of rule 3.850. A motion filed pursuant to rule 3.850 must not only be "under oath" and timely (both of which are true of appellant's motion), see Fla. R.Crim. P. 3.850(b)-(c), it must also allege (1) the judgment and/or sentence under attack and the trial court which rendered the same; (2) whether there was an appeal from the judgment and/or sentence and the disposition thereof; (3) whether a previous postconviction motion had been filed, and if so, how many; and (4) if a previous motion or motions were filed, the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions. See Fla. R.Crim. P. 3.850(c)(1)-(4).
Even if appellant's motion could be said to sufficiently identify the sentence under attack and the trial court which imposed it, the motion completely fails to allege whether appellant appealed from the sentence being attacked and the disposition of any such appeal, or whether any previous postconviction motions attacking appellant's sentence were filed and the disposition of any such motions. While the standard for determining the facial sufficiency of rule 3.850 motions is one of "substantial compliance" with the requirements of the rule, see Golden v. State, 509 So.2d 1149, 1151 (Fla. 1st DCA 1987), the failure to include in a motion filed pursuant to the rule any of the allegations required by the rule makes the motion facially insufficient and subject to dismissal or denial on that basis alone. See Groves v. State, 668 So.2d 1089 (Fla. 1st DCA 1996) (affirming denial of rule 3.850 motion, "as said motion [was] facially insufficient," in that it did not comply "with the contents requirements set forth in subsection (c) of the rule"); Beatty v. State, 647 So.2d 261 (Fla. 1st DCA 1994) (affirming denial of rule 3.850 motion on grounds that it was "facially deficient in that it [did] not contain all of the information required by rule 3.850(c)"); Schofield v. State, 641 So.2d 172 (Fla. 1st DCA 1994) (affirming denial of rule 3.850 motion on grounds that motion was facially insufficient because the prisoner "[did] not state *616 whether there was a direct appeal from the judgment and sentence," and failed to "specify whether any previous motions for post-conviction relief [had] been filed"); Mitchell v. State, 638 So.2d 606 (Fla. 1st DCA 1994) (holding that trial court should have "dismissed as facially insufficient" rule 3.850 motion that failed to allege "1) the court which rendered the judgment and sentence; 2) whether there was an appeal from the judgment or sentence and its disposition; and 3) whether a previous post-conviction motion was filed and, if so, how many"); Basnight v. State, 574 So.2d 307 (Fla. 1st DCA 1991) (affirming denial of rule 3.850 motion on grounds that "the motion was facially insufficient in that it did not state whether a previous post-conviction motion had been filed and, if so, the reason [the current] claim was not raised in the previous motion"); Cowick v. State, 419 So.2d 779 (Fla. 1st DCA 1982) (affirming denial of rule 3.850 motion on grounds that it "[did] not meet the minimal requirements of the rule" in that it "[did] not set forth: (1) whether an appeal from the judgment or sentence was filed and if so, the disposition thereof, or (2) whether previous post-conviction relief motion(s) were filed and if so, how many"); Brooks v. State, 386 So.2d 872 (Fla. 1st DCA 1980) (affirming denial of rule 3.850 motion on grounds that it was "defective on its face as it [did] not specify whether [the prisoner] had filed any previous post-conviction motions, and if so, how many," and also did not "state whether an appeal was taken").
Thus, we affirm the order denying the motion, but do so without prejudice to appellant refiling his jail credit claim in a facially sufficient rule 3.850 motion.
VAN NORTWICK, J., concurs; BROWNING, J., concurs in part and dissents in part with separate opinion.
BROWNING, J., concurring in part and dissenting in part.
I concur with that part of the majority opinion permitting the appellant to refile a rule 3.850 motion without prejudice, but I dissent from the remainder of the majority opinion.
I conclude that the appellant's motion is facially sufficient as it substantially complies with rule 3.850. See Golden, 509 So.2d at 1149. Every allegation, the majority opinion opines is necessary, can be easily discerned from a casual reading of the appellant's motion. Accordingly, it seems to me, the majority opinion elevates form over substance and effects, in whole or at least in part, a de facto reversal of Golden.
For these reasons, I concur with the majority opinion in part and dissent from it in part.