PER CURIAM.
 

 James J. Burke appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of Burke’s first and second claims without further discussion. As to Burke’s third claim, we agree with the trial court’s conclusion that the claim was insufficiently pled. However, as the State properly concedes, it was error to deny this claim with prejudice. Rather, Burke should have been provided a reasonable opportunity to amend his facially insufficient claim.
 
 See Spera v. State,
 
 971 So.2d 754 (Fla.2007).
 

 Burke’s fourth claim is not a model of clarity but seems to allege that trial counsel was ineffective for failing to challenge the State’s motion in limine, which excluded an allegedly exculpatory surveillance video tape. The trial court denied the claim, finding that “[t]he Motion in Limine submitted by the State during the trial involved the limitation of comment by either Party on the fact that another person (a mutually available witness) was in the vehicle at the time of the incident.” Burke’s claim appears to concern a pretrial motion regarding a surveillance video tape, not the failure of a mutually available witness to testify. If so, the record attachments would not conclusively refute this claim. Burke’s fourth claim is imprecise and it is not clear whether such evidence actually exists or if the State sought to exclude it. Thus, Burke should be given leave to amend this claim as well.
 

 For these reasons, on remand, the trial court shall give Burke thirty days to amend claims three and four of his rule 3.850 motion. If he fails to do so, the trial court can then deny those claims with prejudice.
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 MONACO, C.J., ORFINGER and TORPY, JJ., concur.