PER CURIAM.
Appellant, Youncher Washington, appeals the trial court’s denial of his facially sufficient motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.800(a). Appellant alleges that the facts of his case support a ten-year minimum mandatory sentence under section 775.087, Florida Statutes (2008), rather than the twenty-year minimum mandatory sentence imposed. The trial court denied Appellant’s motion without attaching any portions of the record refuting Appellant’s claim.
On appeal from an order denying a rule 3.800 motion, this Court is required to reverse unless the postconviction record conclusively shows that the appellant is not entitled to any relief. Fla. R.App. P. 9.141(b)(2)(D). Initially, we note that Appellant’s rule 3.800(a) motion was facially insufficient for failing to direct the court to the portions of the record that demonstrate entitlement to relief. See Baker v. State, 714 So.2d 1167, 1167 (Fla. 1st DCA 1998). However, Appellant thereafter filed a sworn motion for rehearing wherein he cured the deficiency by pointing to specific pages in the transcript that purportedly support his allegations. See Golden v. State, 509 So.2d 1149, 1151 (Fla. 1st DCA 1987).
We therefore reverse the order before us and remand for further proceedings. If the trial court again denies relief, it shall attach record excerpts conclusively showing that Appellant is not entitled to any relief.
REVERSED and REMANDED for further proceedings.
DAVIS, LEWIS, and WETHERELL, JJ., concur.