PER CURIAM.
The appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse and remand for the trial court to give the appellant an opportunity to file his claims in a facially sufficient rule 3.850 motion.
In July of 2009, the trial court revoked the appellant’s probation and sentenced him to concurrent terms totaling twenty years’ imprisonment. This Court affirmed in June of 2010. In January of this year the appellant filed the instant motion to correct illegal sentence asserting that his scoresheet was improper. The trial court denied relief because the motion was filed pursuant to Florida Rule of Criminal Procedure 3.800(a), and the sentence could have been imposed absent any error on the scoresheet. See Brooks v. State, 969 So.2d 238 (Fla.2007) (under “could-have-been-imposed” test, if sentence could have been imposed absent scoresheet error, defendant is not entitled to relief). However, if treated as a motion filed pursuant to rule 3.850, it appears that the appellant would be entitled to relief because the “would-have-been-imposed” test, rather than the “could-have-been imposed” test, would apply.[1] See Brooks v. State, 969 So.2d 238 (Fla.2007). The motion was sworn and, contrary to the trial court’s ruling, would be timely if treated as a rule 3.850 motion as it was filed within two years of the appellant’s judgment and sentence becoming final. See Fla. R. Crim. P. 3.850(b) (motion must be filed within two years of judgment and sentencing becoming final); Jones v. State, 602 So.2d 606, 607 (Fla. 1st DCA 1992) (a judgment becomes final when the appellate proceedings have concluded and a court issues mandate). However, the motion does not otherwise comply with the technical requirements of that rule. Thus, this Court cannot treat the motion as one filed pursuant to rule 3.850. See Burchfield v. State, 907 So.2d 614 (Fla. 1st DCA 2005) (court cannot treat motion filed pursuant to rule 3.800(a) as a 3.850 motion, even though it was timely and sworn, where it does not contain the other required allegations of that rule such as whether appeal was filed, the result, and whether prior postconviction motions have been filed). Although facially insufficient if treated as a rule 3.850 motion, the appellant is entitled to one opportunity to amend. See Spera v. State, 971 So.2d 754 (Fla.2007) (trial court must give defendant one opportunity to amend facially deficient claims). Accordingly, we reverse and remand for the trial court to give the appellant an opportunity *980 to raise his claims of scoresheet error in a facially sufficient rule 3.850 motion.
REVERSED and REMANDED for further proceedings consistent with this opinion.
PADOVANO, RAY, and MAKAR, JJ., concur.

. The trial court concluded that if raised in a rule 3.850 motion, the claim would require the appellant to be resentenced.