PER CURIAM.
Leroy Brown appeals from the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
In 1994, Brown was convicted of six offenses and sentenced to concurrent fifteen-year terms of imprisonment to be followed by ten years of probation. Upon his release from prison in 2005, Brown began serving the probationary portion of his sentence. In 2007, Brown violated his probation, and the trial court sentenced him to two years’ community control followed by thirteen years’ probation. In 2011, Brown violated his probation again, and the trial court sentenced him to one forty-year term of imprisonment and four fifteen-year terms, all of which were to run concurrently. Brown then filed a rule 3.800 motion, in which he argued that the trial court used an incorrect scoresheet in determining his sentence because the scoresheet reflected a two-cell bump for what he alleged was only one violation of probation. We conclude that the trial court properly rejected that argument. See Williams v. State, 594 So.2d 273, 275 (Fla.1992) (“[W]here there are multiple violations of probation, the sentence may be successively bumped to one higher cell for each violation.”).
In the trial court’s order, however, it noted another error on the sentencing scoresheet — one that was not raised by Brown in his rule 3.800 motion. Relying on Brooks v. State, 969 So.2d 238 (Fla.2007), the trial court ultimately ruled that the error was harmless because the same sentence “could have been imposed” if a correct scoresheet had been used. We conclude that the trial court should have instead allowed Brown an opportunity to file a rule 3.850 motion raising the error noted by the court. See Kelsey v. State, 97 So.3d 978, 979-80 (Fla. 1st DCA 2012) (remanding to allow defendant opportunity to raise alleged scoresheet errors in facially sufficient rule 3.850 motion and noting that if defendant’s rule 3.800 motion were treated as a rule 3.850 motion, then the “would have been imposed” test would apply)-
Accordingly, we reverse and remand with instructions for the trial court to give Brown thirty days to raise the scoresheet error in a sworn, facially sufficient rule 3.850 motion. See Burke v. State, 40 So.3d 867, 867 (Fla. 5th DCA 2010) (remanding for court to give defendant thirty days to amend rule 3.850 motion). In considering the rule 3.850 motion upon remand, the trial court must assess whether the same sentence would have been imposed had the scoresheet been correct. See Kelsey, 97 So.3d at 979.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
EVANDER, COHEN and WALLIS, JJ., concur.