IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RONALD A. THOMAS, JR.,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1255

Opinion filed October 21, 2014.

An appeal from the Circuit Court for Madison County.
Andrew J. Decker, III, Judge.

Ronald A. Thomas, Jr., pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse and remand for the trial court to give the appellant an opportunity to file his claim in a facially sufficient rule 3.850 motion.

The appellant alleges that one of his prior convictions was scored improperly on his scoresheet. Because the motion was filed pursuant to rule 3.800(a) and did not meet the pleading requirements of rule 3.850, the trial court applied the "could-have-been-imposed" test and denied relief. If treated as a rule 3.850 motion the appellant may have been entitled to relief[1] under the more lenient "would-have-been-imposed" test which applies to claims of scoresheet error raised under that rule. However, if treated as a rule 3.850 motion it is facially insufficient as it is not sworn and does not otherwise comply with the technical requirements of that rule. Although facially insufficient, the motion would be timely as a rule 3.850 motion, and the claim is cognizable in a rule 3.850 motion. In such situations, the appellant is entitled to an opportunity to amend. See Kelsey v. State, 97 So. 3d 978 (Fla. 1st DCA 2012) (citing Spera v. State, 971 So. 2d 754 (Fla. 2007)). Accordingly, we reverse and remand for the trial court to give the appellant an opportunity to raise his claim of scoresheet error in a facially sufficient rule 3.850 motion.

LEWIS, C.J. and BENTON, J., CONCUR; MARSTILLER, J., DISSENTS WITH OPINION.

---

[1] We do not address the merits of appellant's challenge to his scoresheet.

MARSTILLER, J., dissenting.

I respectfully dissent for I do not believe our decision in *Kelsey v. State* supports reversal in this instance. The rule 3.800(a) motion in *Kelsey* was sworn, *and* the postconviction court expressly concluded that, had the claim been raised in a rule 3.850 motion, resentencing would be required. 97 So. 2d at 979. Neither circumstance occurred here. The appellant in this case chose a rule 3.800(a) motion as the vehicle for challenging his sentence. The motion "is not sworn and does not otherwise comply with the technical requirements of [rule 3.850]." (Maj. op. at 2.) The lower court correctly applied the "could-have-been-imposed" test to the appellant's motion and correctly denied it. Consequently, we should affirm the order on appeal. We are, after all, an error-correcting court. Reversing the order and directing the lower court to treat the motion as one filed under rule 3.850 simply because a more lenient test would apply and the appellant *may be* entitled to relief under that test is, in my view, inappropriate.