NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| EZEKIEL GANDY, III, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D17-3133 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed April 4, 2018.

Appeal from the Circuit Court for
Hillsborough County; Kimberly K.
Fernandez, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


NORTHCUTT, Judge.

Ezekiel Gandy filed a motion to correct illegal sentence pursuant to Florida

Rule of Criminal Procedure 3.800(a), claiming that his Criminal Punishment Code

scoresheet was inaccurate because its prior record section incorrectly listed offenses for

which he had not been convicted. The postconviction court denied the motion because

it would have required an evidentiary hearing. However, Gandy's claim would be

cognizable in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850, and it

would be timely as such. See Thomas v. State, 149 So. 3d 159, 160 (Fla. 1st DCA

2014).  Accordingly, we reverse and remand for the postconviction court to allow Gandy

the opportunity to raise the claim in a facially sufficient motion filed pursuant to Florida

Rule of Criminal Procedure 3.850, if he has not already done so.  See id.

Reversed and remanded with instructions.

SILBERMAN and MORRIS, JJ., Concur.