# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1419
Lower Tribunal No. 22-12 AP
_____

## Village of Palmetto Bay, Florida,
Petitioner,

vs.

## 17777 Old Cutler Road, LLC,
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Daryl E. Trawick, Maria de Jesus Santovenia and Miguel M. de la O, Judges.

Weiss Serota Helfman Cole & Bierman, P.L., and Edward G. Guedes, Laura K. Wendell, Richard B. Rosengarten and John J. Quick, for petitioner.

Bilzin Sumberg Baena Price & Axelrod LLP, and Eileen Ball Mehta, Kenneth J. Duvall and Liana M. Kozlowski; Jerry B. Proctor, P.A., and Jerry B. Proctor, for respondent.

Before SCALES, HENDON and GORDO, JJ.

GORDO, J.

In this second-tier certiorari proceeding,[1] we are compelled to deny the petition as we find the circuit court appellate division applied the correct law and afforded due process. See Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 525 (Fla. 1995) ("A decision made according to the form of law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is as applied to facts, is not an illegal or irregular act or proceeding remediable by *certiorari*.") (quoting Basnet v. City of Jacksonville, 18 Fla. 523, 526–27 (1882) (emphasis in original)); Dalk Land, L.P. v. Giampaoli, 348 So. 3d 21, 22 (Fla. 3d DCA 2022) ("Ordinary legal errors, or application of the correct law incorrectly under the facts, are not sufficient grounds for a district court to grant second-tier certiorari.") (quoting State Farm Mut. Auto. Ins. Co. v. CC Chiropractic, LLC, 245 So. 3d 755, 758 (Fla. 4th DCA 2018)); Stranahan House, Inc. v. City of Fort Lauderdale, 967 So. 2d 1121, 1125 (Fla. 4th DCA 2007) ("Applying the correct law incorrectly does not warrant certiorari review."). We emphasize —as conceded by Old Cutler in these proceedings— all findings in the circuit court opinion except the finding that the Commission's ruling was not supported by competent, substantial evidence, are dicta.[2]

---

[1] We have jurisdiction. Fla. R. App. P. 9.030(b)(3).
[2] See Pedroza v. State, 291 So. 3d 541, 547 (Fla. 2020) ("Any statement of law in a judicial opinion that is not a holding is dictum."); Lewis v. State, 34

Petition denied.

---

So. 3d 183, 186 (Fla. 1st DCA 2010) ("When a court makes a pronouncement of law that is ultimately immaterial to the outcome of the case, it cannot be said to be part of the holding in the case."); Tomlinson v. State, 369 So. 3d 1142, 1151 (Fla. 2023) ("If not a holding, a proposition stated in a case counts as dicta.") (quoting Michael Abramowicz & Maxwell Stearns, Defining Dicta, 57 Stan. L. Rev. 953, 1065 (2005)); State ex rel. Biscayne Kennel Club v. Bd. of Bus. Regul. of Dept. of Bus. Regul. of State, 276 So. 2d 823, 826 (Fla. 1973) (holding "obiter dictum" included in the appellate court's opinion "was not essential to the decision of that court and [thus] is without force as precedent"); Golden v. State, 528 So. 2d 50, 51 (Fla. 1st DCA 1988) (holding that an appellate court's dicta cannot implicate "[t]he doctrine of the law of the case [as it] applies only to issues actually or impliedly presented and decided on appeal, and not to mere dicta, or to issues not considered").